NEW-YORK,
May, 1819.

THROOP
v.
CHEESEMAN.

## THROOP *against* CALVIN CHEESEMAN.

The act of
*April* 17, 1816,
entitled, *an act*
*further to sus-*
*pend, for the*
*period therein*
*mentioned, the*
*restriction on*
*banks issuing*
*bills, less than*
*the amount of*
*one dollar, and*
*for other pur-*
*poses,* (sess. 39.
c. 223.) is a remedial law, and is to be liberally construed.

THIS was an action of *assumpsit.* The declaration contained counts for money paid, money lent and advanced, and money had and received. The cause was tried at the *Schoharie* circuit, in *November*, 1818.

The plaintiff produced in evidence a number of bills, or promissory notes, *in the form and similitude of bank bills, or notes,* of different dates, both before and since the 17th of

A bill or note, in the form and similitude of bank bills and notes, payable on demand in notes current at the bank of *Albany*, or in current bank bills, is a note *payable in the bills or current notes of an incorporated company* within the meaning of the third section of the statute, on which the bearer, after demand of payment, may maintain an action in his own name against the maker, and may give such bills or notes in evidence under the money counts in *assumpsit.*

The remedy given by this statute, to the holder of such notes, against the maker, extends as well to notes issued and bearing date before, as to those dated after the passing of the act.

*April*, 1816, and for different amounts, some for three dollars, and some for two cents, making, in the whole, the sum of 124 dollars and 91 cents. They were all payable in bank bills, and were expressed in different forms, of which the following are specimens:

" State of *New-York*. On demand, at my *Exchange Bank*, I promise to pay *O. Warner*, or bearer, three dollars, in notes current at the banks in *Albany*. *Princetown, June* 17th, 1817, 16 miles from *Albany*, on the great western turnpike.                                *Galvin Cheeseman*.

*Elias Cheeseman*, cashier."

" State of *New-York*. Seventy-five cents, payable on demand in current bank bills, at my tavern and store in *Princetown*, on the great western turnpike, 16 miles from *Albany*. *June* 1st, 1816.                *Galvin Cheeseman*."

" For my own convenience, and the convenience of others, fifty cents, payable on demand in current bank bills, at my tavern and store in *Princetown*, on the great western turnpike, 16 miles from *Albany*. *July* 10th, 1815.
                                *Calvin Cheeseman*."

There were others of these bills which were payable " in notes current at the banks in *Utica*," and others " in notes current at the several banks in *Albany*." The execution of the notes by the defendant was admitted, and the plaintiff proved a demand and refusal of payment, before suit brought.

A verdict was taken for the plaintiff, subject to the opinion of the Court, on a case which was submitted without argument.

SPENCER, Ch. J. delivered the opinion of the Court. Several objections are made to the plaintiff's recovery, which will be noticed.

The act of the 17th of *April*, 1816, (ch. 223. s. 3.) provides, that all bills, notes, or tickets, in the form and similitude of bank bills or notes, issued by any person or persons, and made payable in the bills, or current notes, of any incorporated company, shall and may, in case default shall be

NEW-YORK, made in the payment of the same, according to the tenor
May, 1819. thereof, be sued, prosecuted, and collected, by and in the
THROOP   name of the holder or bearer thereof; and the possession of
v.
CHEESEMAN. such note, bill, or ticket, shall be deemed *prima facie* evi-
dence of the holder thereof having paid value for the same.

The declaration contains counts for money paid, laid out,
and expended, for money lent and advanced, and for money
had and received.

This act is a remedial law, and is to be construed libe-
rally, so as to suppress the mischiefs existing when the sta-
tute was enacted, and to advance the remedy for the redress
of those mischiefs. The bills issued by the defendant are
in the form and similitude of bank bills; and although there
is a payee, he is, probably, a mere fictitious person. At all
events, there is no ground for believing that they were
issued for any debt previously due; and they were mani-
festly intended to be thrown into immediate circulation.

It is objected, that the bills are not expressly payable in
the bills or notes of any incorporated company, but that they
are payable in notes current at the banks in *Albany* and
*Utica*, and in current bank bills. This implies that they shall
be paid in the notes or bills of incorporated companies; it
has not been shown, nor is it to be believed, that the banks
in *Albany* and *Utica* would receive, as current at their coun-
ters, bills issued by private individuals.

That some of the bills are dated anterior to the act, forms
no objection; the act is obviously retrospective, as regards
the remedy, and was intended to afford relief to those persons
who then held such notes or bills.

It is objected, that the holder of the bills cannot recover
on the money counts, and that a demand of payment ought
to have been specially averred. The act gives the holder
a right to sue on these notes, and is silent as to the form of
the action; but it declares that the possession of the notes shall
be *prima facie* evidence, that the holder has paid value for
the same. If the holder could maintain an action, by count-
ing on the notes or bills, as the bearer thereof, he can, also,
recover as for money lent, or money had and received, ac-
cording to the decision of this Court in *Pierce* v. *Crafts.* (12
*Johns. Rep.* 90.) Under such a form of declaring, the plain-

tiff must prove every thing to entitle him to recover, with-
out having averred the facts specially.

Judgment for the plaintiff, on the verdict.