## Farrington *vs.* Morgan.

In a return to a *certiorari* to bring up proceedings had under the statute against a tenant for *holding over*, it must *affirmatively appear* that the officer to whom the precept for that purpose was directed, was commanded to summon *eighteen reputable persons qualified to serve as jurors* in courts of record, who had been nominated by the magistrate before whom the proceedings were had, or the proceedings will be quashed ; it is not enough that the return states that the officer was commanded to summon a jury *as directed by the statute.*

It is erroneous in such case to summon *twenty* instead of *eighteen* jurors ; especially if the tenant *object* to the proceeding.

Summary proceedings are open to technical objections, unless the statute under which they are had requires that they shall be liberally viewed by the courts.

LANDLORD and tenant. Proceedings were commenced by Morgan against Farrington before an assistant justice of one of the wards of the city of New-York for *holding over*, after the expiration of the term, certain premises demised to him. In a return to a *certiorari* the justice certified that after issue was joined between the parties, he " issued a *venire* directed to a constable or marshal to summon a jury as directed by the statute ;" that on the day of the return of the venire the parties appeared,

and that " upon an examination, it appeared that *twenty names* had been put upon the venire ;" that after some delay, the whole number of jurors summoned attending, a jury of *twelve* were sworn to try the cause, who, after hearing the evidence, found a verdict in favor of the landlord. · In a supplementary return the justice stated that the counsel for the tenant insisted that a *venire* should have been issued to summon *eighteen persons* qualified to serve as jurors in courts of record, but that the counsel not objecting to any of the jurors as summoned, and he (the magistrate) not knowing but that the jurors drawn for the trial of the cause were such as required by the statute, he overruled the objection. . The tenant sued out a *certiorari*.

*G. B. Hall*, for the tenant.

*H. Nicoll*, for the landlord.

*By the Court*, COWEN, J. The proceedings must be reversed. The statute, 2 *R. S.* 423, § 35, *2d ed.* directs that the magistrate shall, in order to form the jury, " nominate eighteen respectable persons qualified to serve as jurors in courts of record," who are to be summoned ; and by § 36, twelve are to be ballotted for as the jury of trial.

In this case, twenty were summoned, and the jury formed from that number. This being a summary proceeding in derogation of the common law, the statute should be strictly pursued ; and that must appear affirmatively on the return. The summoning of twenty persons was an excess of jurisdiction. It is said *omne majus in se continet minus*, but that might equally be said of an hundred or a thousand. · The error would be fatal in any court, an objection being taken as it was here. It would be good cause of challenge to the array. But above all, in this summary proceeding it should appear expressly that the eighteen nominees of the magistrate formed the jury of ballot ; and that twelve of the same eighteen, they being all summoned, formed the jury of trial. · In *Rex.* v. *The Commissioners of Sewers of Somerset*, 7

Farrington *v.* Morgan.

*East,* 71, the jury having been improperly summoned, the proceedings were quashed, although the defendants appeared and interposed no objection. In that case the sheriff's return was informal, being of *the foremen of the juries;* not the *juries themselves* as required by the act. Lord Ellenborough, C. J. went so far as to say there was a want of jurisdiction, which might be taken advantage of as well after as before verdict; and even consent of parties could not give jurisdiction. And in *Birket* v. *Crozier, Mood. & Malk.* 119, the venire being too narrow, as not directing the sheriff to summon from the county at large, but from those of the county *resident at the Tower Hamlets,* the collector acting under a consequent warrant of distress was holden to be a trespasser. Summary proceedings are, in general, open to objection for technical omissions, imperfections or defects in the return, and proceedings under the landlord and tenant's act are not an exception. They are not like proceedings in a justice's court, expressly required by statute, *vid.* 2 *R. S.* 185, § 181, 2*d ed.,* to be liberally construed so far as form is concerned; but the magistrate must shew a strict compliance with the statute at every step. He can not order twenty jurors, simply because the statute requires him to nominate but eighteen. Much is sought to be inferred by the counsel for the defendant in error from general words: *as directed by the statute,* &c. That will not do. The return should show particulars. It is quite too general in more respects than one. Why does the justice say he did not know but the jurors were properly qualified? What sort of compliance with the statute is this, which commands him to know and nominate proper persons?

Proceedings reversed.