Smith *v.* Moffat.

———

SAME TERM. *Before the same Justice.*

SMITH *vs.* MOFFAT.

A court of equity has no power to stay the summary proceedings under the 2 *R. S.* 511, instituted before an assistant justice by a landlord, to remove a tenant holding over after the expiration of his term.

If a tenant sustains injury or damage by being wrongfully dispossessed of the premises, upon the summary proceedings under the statute, he has an adequate remedy by a writ of restitution, from the supreme court, or by an action at law, upon the covenant for quiet enjoyment contained in his lease.

Where a remedy is sought to be attained by a summary proceeding under a statute which is in derogation of the common law, the statute is to be strictly construed.

But where the object of a statute is remedial, it is to be construed liberally, so that it may carry out the purposes for which it was designed.

Hence, when looking at the remedy, courts have taken care that it should be made effectual, if possible, in the manner intended.

But when scanning the proceedings to attain that remedy, courts have been strict and rigid in exacting a compliance with all the requisites of the statute.

IN EQUITY. This was a motion to dissolve an injunction. Moffat was the owner of certain premises in the city of New-York, which were held by Smith on a lease for two years, ending on the 1st of May, 1847, with a further term of three years; on condition that if at any time during the last three years the landlord should choose to cancel the lease, he might

Smith *v.* Moffat.

do so by paying the tenant the fair value of his fixtures and improvements. After the expiration of the first two years, Moffat gave Smith notice that he elected to terminate the lease, tendered the tenant $400 for his fixtures, &c. and demanded possession. The tenant refusing to surrender, on the ground that a sufficient sum had not been offered to him for his fixtures, &c. the landlord instituted summary proceedings before an assistant justice to recover possession under 2 *R. S.* 511, on which issue was joined, and a venire issued. This bill was then filed and an injunction issued to stay the further progress of those summary proceedings. The injunction was afterwards so far modified as to allow the landlord to go on with the trial on his summary proceedings, but staying the issuing of any warrant of removal until the further direction of this court. The trial having been had before the assistant justice, and a verdict having been rendered for the landlord therein, a motion was now made, on the bill and answer and on evidence of the termination of the trial below, to dissolve the injunction entirely, and to allow the landlord to take out and execute his warrant of removal.

*W. H. Bell & F. S. Coe,* for the plaintiff.

*T. Warner & J. T. Brady,* for the defendant.

EDMONDS, J. My first impression of this case was very decidedly against the jurisdiction assumed by this court in granting the injunction. But as I was assured that the late court of chancery had, some years since, after argument and deliberation, asserted and exercised the jurisdiction in a similar case, I have paused over my decision, have carefully examined the authorities, and have consulted my colleagues as to the correctness of my impressions. This was due to the high respectability and the deserved weight of the authority cited to me; though as the case referred to has not been reported, I am led to infer that it was not intended to be regarded as an authoritative and binding decision on the point. But as my judgment is very clear that the jurisdiction, exercised in this case, does not prop-

erly belong to this court, I yield without reluctance to a strong repugnance which I feel to extending our jurisdiction beyond its well ascertained and established boundaries.

Prior to 1820, the proceedings of a landlord to remove his tenant who held over after his term expired, were very dilatory and expensive. The legislature then interfered, and passed the law which has since been incorporated, with some modifications, into the revised statutes. The object of that statute was to remedy the evils alluded to; and so far, it is to be construed liberally, to see that it carries out the purposes for which it was designed. But as the remedy was sought to be attained by a summary proceeding under the statute, which was in derogation of the common law, in that respect, the statute is to be strictly construed. Hence when looking to the remedy, our courts have taken care that it should be made effectual, if possible, in the manner intended. (*Lynde* v. *Noble,* 20 *John. Rep.* 80.) But when scanning the proceedings to attain that remedy, the courts have been strict and rigid in exacting a compliance with all the requisitions of the statute. (*Roach* v. *Cozine,* 9 *Wend.* 227. *Nichols* v. *Williams,* 8 *Cowen,* 13. *Cameron* v. *McDonald,* 1 *Hill,* 512. *Farrington* v. *Morgan,* 20 *Wendell,* 207.)

The part of the statute which is involved in this case, is that which affords the remedy, and is to be liberally construed.

The remedy proposed, as I have already remarked, was to afford landlords a speedy and prompt method of obtaining possession of lands which their tenants held over after the expiration of their term. With this view, the statute gave a very summary process of bringing in the party to answer the complaint against him ; gave no authority to the officer before whom the proceedings were pending, to grant an adjournment, (8 *Cowen,* 13,) and made no provision for a review of his action, or for staying his proceedings until his errors could be corrected. This harshness was afterward somewhat softened. The power of adjournment was given. Authority to stay the issuing of the warrant of removal was given in a few specified cases. (2 *R. S.* 515, §§ 44 *to* 46.) And this court determined that, in the

exercise of its common law powers, it might review the proceedings and award restitution. (*Lynde* v. *Noble*, 20 *John.* 80.)

The mode of review, prescribed by the practice of the court, was by the writ of certiorari, whose province it was to remove all the proceedings from before the magistrate below into this court, and thus virtually stay the proceedings below, by taking away from the officer all that conferred jurisdiction upon him. And if that writ was sued out before the judgment below was pronounced, or the warrant of removal was issued, it would seem as if a very effectual stay of proceedings was attained. In *Lynde* v. *Noble*, the writ was sued out before judgment was pronounced, and on a motion to quash the writ, this court held that the motion must be granted, because the writ, removing the proceedings, would virtually repeal the statute; and they held that the writ of certiorari would not lie until the case had been finally adjudicated, and even then it would not stay the warrant of removal. When our statutes were revised, the revisers having that decision in view, proposed what is now § 47 of the statute; and the legislature adopted it without alteration, and doubtless with the intention of carrying out the recommendation of the revisers and rendering the statute "conformable to 20 Johnson's Reports, 80." That section is, (2 *R. S.* 516, § 47,) that "The supreme court may award a certiorari for the purpose of examining any *adjudication* made on any application hereby authorized; but the proceedings on any such application shall not be stayed or suspended by such writ of certiorari or *any other writ* or *order of any court* or officer."

The next section of the statute provides for restitution, in case the adjudication below should be reversed.

There is no manner in which I can read this statute, so as to authorize any court or officer to stay the proceedings below after they have been once commenced. Ten years experience of the operation of the law suggested its defects—those defects have been provided for—but its scope and purpose have been carefully preserved, and the 47th section, while it has provided a mode of reviewing the action of the court below, has been careful to provide, not merely that proceedings on the *adjudi-*

Smith *v.* Moffat.

*cation* shall not be stayed, but that none of the proceedings on the *application* shall be stayed. And the statute has gone farther even than the decision of this court. For while this court has said, in *Lynde* v. *Noble*, that the proceedings shall not be stayed by this court, by its writ issued to remove the proceedings before judgment, the statute has declared, in language too explicit to leave room for doubt, that no court or officer shall stay them by any writ or order whatever. I cannot imagine language that could more explicitly take away the power of a "court" of equity by its "writ" of injunction to stay the proceedings, either before or after adjudication.

This is the view of the case founded on the statute alone. There is another, founded on authority equally clear to my mind. It will be borne in mind that the case of *Lynde* v. *Noble* was an attempt to stay proceedings before judgment. This court, in commenting on that case, remarked, "if a certiorari will remove the proceedings into this court before a trial is had, there is nothing gained by the statute : for the tenant by that course may delay the landlord as long as he could before the passing of the act, and subject him to at least equal expense. Such a construction would virtually be a repeal of the statute. Its provisions would become useless, if the complaint, as soon as it was made before the magistrate, might be brought into this court for trial."

As in the case now under consideration, the court of chancery interfered before judgment was pronounced below, the decision of this court as quoted above is an explicit condemnation of such interference.

These views of the case grow out of the statute in question, and the decisions of the court upon it. But there is still another view springing from general principles governing a court of equity, which seems to me to be equally controlling and conclusive in this case. I allude to the familiar doctrine, as generally applicable, that equity will not interfere where the party has an adequate remedy at law. In this case, if the plaintiff should sustain any injury from unjust or illegal proceedings before the magistrate, he can be fully restored to all that he

may lose, by the restitution which, under the 48th section of the statute, this court is authorized to award on the writ of certiorari. He may thus be restored to the possession which he has lost. And if that restitution under the statute should not be broad enough to make good to him the loss which he may sustain by being kept out of the possession during the time which may elapse from the execution of the warrant of removal to the judgment of restitution in this court, for that he would find, in this case, an adequate remedy under the covenants for quiet enjoyment contained in his lease.

As then, the plaintiff would thus have an adequate remedy at law, and as there is no suggestion in this case, that the injury which he might sustain would be irreparable, and not susceptible of pecuniary compensation, (*Hart* v. *Mayor of Albany,* 9 *Wend.* 577,) it is evident that the case is not one appropriate for the exercise of equity jurisdiction.

The injunction must therefore be dissolved.

---

SAME TERM. *Before the same Justice.*