# SUPREME JUDICIAL COURT,

FOR THE

# MIDDLE DISTRICT,

# 1853.

## COUNTY OF LINCOLN.

### COLBY, *petitioner*, *versus* DENNIS *& al.*

By R. S. c. 123, § 4, no review shall be granted until due notice has been given to the adverse party.

A notice, allowing such time as the law prescribes for parties in other cases, and returnable when the respondent may be heard, whether at the same term or another, is all that is required.

Under the statute of 1852, the granting of writs to review judgments against certificated bankrupts, is not at the discretion of the Court.

The statute is imperative as to all cases coming within its purview.

It operates on remedies only, and not on rights, and is, therefore, not liable to the charge of unconstitutionality.

It allows no limitation to the time within which the review may be sought.

It was repealed in 1853, but the repeal excepted all " actions pending." Within that exception, *petitions* for review were embraced and saved.

ON EXCEPTIONS from *Nisi Prius*, TENNEY, J., presiding.
PETITION FOR REVIEW.

The petitioner, on Jan'y 28, 1842, gave to the respondents' intestate a promissory note of $436,43, payable on demand. Afterwards, on *October* 27, 1842, he applied to the appropriate court to be declared a bankrupt, and in 1843 obtained a discharge in bankruptcy. Upon that note the respondent recovered judgment against the petitioner by default in 1844.

On April 13, 1852, it was enacted by the Legislature that "any petition for review hereafter brought, shall be granted and allowed, if. it shall be made satisfactorily to appear to the Court that the defendant in the original action had obtained his discharge in bankruptcy before or subsequent to the rendition of judgment in such action; provided that the cause of action accrued before the proceedings in bankruptcy, and that the claim or demand was of such a character as would be barred by a discharge in bankruptcy."

This petition is founded upon this statute. It asks for a review of the said judgment recovered in 1844. It was presented at the Oxford term of this Court, and an order was there passed for notice upon the respondents. That notice not having been served, a new notice was ordered at the first day of the October term, 1852, in this County, requiring the respondents to appear in fourteen days after the service was made upon them.

The respondents' counsel appeared at the return day, to object to the order of notice. The objection was overruled, and the prayer of the petition for review was granted, "not as matter of judicial discretion, but in obedience" to the statute of 1852.

The respondents excepted.

*Lowell & Foster*, in support of the exceptions.

1. The statute does not authorize the issuing of a notice returnable at the same term.

2. The application for review is too late. The R. S. c. 123, regulating reviews, requires the petition to be made within three years from the rendition of the judgment. The Act of 1852 does not in terms, nor by necessary implication, repeal any provisions of chapter 123. It merely prescribes a new cause for which a review may be granted. Recent Acts in derogation of former ones are to be construed strictly.

3. If construed to allow petitions so long after rendition of the judgments, it is retroactive and void, as it acts not merely on the remedy but on the right acquired by judgment.

4. The Act of 1852 was repealed in 1853. True the repealing Act saved "all actions pending." But this petition

Colby *v.* Dennis.

was not an *action* pending.   Proceedings commenced and pending under a statute are defeated by a repeal.

*Ingalls, contra.*

SHEPLEY, C. J. — This is an application for review of an action commenced by the respondents' intestate against the applicant on a promissory note bearing date on January 28, 1842, in which a judgment was rendered against the applicant upon default at the June term of the District Court in this county in the year 1844.

Before that judgment was rendered the applicant had, on May 30, 1843, obtained his discharge in bankruptcy.

By an Act approved on April 13, 1852, it was provided, that "any petition for review hereafter brought in any court in this State shall be granted and allowed, if it shall be made satisfactorily to appear to the Court, that the defendant in the original action had obtained his discharge in bankruptcy before or subsequent to the rendition of judgment in such action; provided that the cause of action accrued before the proceedings in bankruptcy and that the claim or demand was of such character, as would be barred by a discharge in bankruptcy."

Upon the testimony introduced the presiding Judge granted the review "not as a matter of judicial discretion, but in obedience to the Act of the Legislature."

Objection was made, that "the petition, order of notice and notice were insufficient."   The petition was addressed to the Court at a term holden in the county of Oxford; and an order was there made for service of a notice on the respondents returnable in this county, but no service of it was made.   This proceeding was authorized by statute, c. 123, § 4.   Upon the first day of the term holden in this county in the month of October, 1852, the Court ordered notice to be served upon the respondents to appear during the same term within fourteen days next after service was made upon them. The provision of the statute is, that no review shall be granted until due notice has been given to the adverse party.   The

statute does not prescribe the manner in which notice shall be given, nor the term to which it shall be made returnable. A notice allowing such time as the law prescribes for parties in other cases, and returnable, where the respondent may be heard, is all that is required.

It is insisted, that the limitation contained in the statute, § 6, that no review shall be granted, unless application is made within three years after rendition of the judgment, operates as a bar to this application for review; that it was not the intention of the Legislature to repeal that section or to change the law, but to add a new cause, for which reviews should be granted according to the former provisions.

The language of the Act, upon proof being made of the required facts, is peremptory without regard to the time, when the judgment was rendered. There were probably few, if any, judgments of the description named in the Act of 1852, rendered within three years before its passage; and the construction insisted upon, would have rendered the Act, had it not been repealed, nearly, if not quite ineffectual. Its provisions respecting this class of petitions for review are entirely inconsistent with the limitation of three years, which must be regarded as inoperative upon them.

It is further contended, that the Act of 1852 having been repealed by the Act of March 31, 1853, "saving all actions pending," petitions for review are not thereby saved; that by actions pending were intended actions of review commenced after reviews had been granted.

The saving clause must have been intended to save something, which would have been otherwise destroyed; to save something out of that, which was repealed. The Act of 1852 speaks of the "original action," thereby implying, that the petition might be regarded as an action. When this Court is authorized to grant reviews "in all civil actions," petitions for partition are included by express words. If the saving clause in the Act of 1853 should be construed to be applicable only to actions of review sued out after a review had been granted, it is doubtful, whether it could have any legal effect;

for when a review has been already granted, it being an Act passed and entirely finished, the repeal of the Act authorizing the review to be granted might have no effect upon the action already commenced and pending. In the Act authorizing reviews the application and proceedings are spoken of as a "case," "cause" and "suit." A petition must be considered to be pending after it has been regularly entered in Court, although no party respondent has appeared. If this were not so, the Court could not properly act upon it without some special grant of authority, and there could be no proper record of its proceedings respecting it. The conclusion must be, that it was the intention of the Legislature to save pending petitions.

It is finally insisted, that the Act of 1852 is not a constitutional Act. And it is said, that a person has a vested right in a judgment, which by the existing laws cannot be reviewed. He may have a vested right in a judgment, whether the suit, in which it was recovered, is or is not liable to be reviewed. But it is not certain, that a judgment not liable to be vacated by a review will continue to be a valid judgment. The law, which authorizes the judgment, does not guarantee that it shall remain a valid judgment. It may be liable to be reversed for error. If so reversed, the obligation of the contract is not impaired. The remedy, by which that judgment was recovered, is alone affected. If the time for commencing writs of error should be extended and made applicable to cases, in which no writ of error could by the existing laws be maintained, the remedy only would be affected, and yet the judgment might be annihilated. If judgments were recovered, where there was no law authorizing a review, an Act authorizing reviews to be granted in cases, in which judgments had already been recovered, could act only upon the process by which those judgments had been recovered. The obligation of the contract would not be impaired or affected thereby.

The opinion in the case of *Oriental Bank* v. *Freese*, 18 Maine, 109, stated, that the constitution did not "prohibit the Legislature from passing such laws as act retrospectively, not

on the right of property or obligation of the contract, but only upon the remedy which the laws afford to protect and enforce them." The justice or wisdom of such legislation is not a subject for the consideration of this Court.

*Exceptions overruled.*

WELLS, HOWARD, RICE and HATHAWAY, J. J., concurred.