Bay *v.* Gage.

36 447
64h 382

BAY and others *vs.* GAGE.

Laws are not unconstitutional for the reason that they are retrospective.

Retrospective laws which do not impair the obligation of contracts, or affect vested rights, or partake of the character of *ex post facto* laws, are not prohibited by the constitution.

The act of April 13, 1861, (*Laws of* 1861, *ch.* 221, *p.* 538,) amending the revised statutes in regard to judgments in actions of ejectment, does not act retrospectively, so as to apply to judgments rendered prior to its passage.

THIS is an appeal from an order made at a special term, denying a motion for a new trial under the revised statutes, in an action of ejectment. The cause was referred to a referee and decided upon the merits, and judgment entered against the plaintiffs upon the report of the referee. The only question presented by this appeal is whether a new trial in ejectment can be granted where a judgment has been rendered on the merits upon the report of a referee. The plaintiffs claimed that they were entitled to have the judgment vacated and a new trial granted ; and the defendant insisted, not only, that the plaintiffs were not entitled to an order vacating the judgment, but that the court has *no power* to vacate it and grant a new trial,

Bay v. Gage.

*Clark B. Cochrane*, for the appellants.

*John Stewart*, for the respondent.

*By the Court*, BOCKES, J. Prior to the act of 1861, a party against whom a judgment had been rendered in ejectment, " upon a verdict," was entitled to a new trial under the statute as a matter of right, on payment of all costs and damages recovered thereby. (3 *R. S.* 596, *5th ed.* §§ 36, 37.) But this right to a new trial under the statute was limited to those cases where the judgment was " rendered upon a verdict." It was so held in *Christie* v. *Bloomingdale*, (18 *How.* 12 ;) also in *Lang* v. *Ropke*, (1 *Duer*, 701.) These cases are cited with approval in *Chautauque Co. Bank* v. *White*, (23 *N. Y. Rep.* 347.) It is plain that this limitation was intended by the legislature, in order to afford to a party relief against the accidents and misfortunes to which jury trials are peculiarly liable, and which often could not be remedied in any other way than by a statute giving a new trial as a matter of right. It was, too, a statutory boon, hence not to be extended by construction beyond the strict letter of the law ; especially when it is clear that a strict construction comports with its obvious purpose and intent. But an amendment was adopted April 13, 1861, (*Laws, ch.* 221, *p.* 538,) striking from the statute the words " rendered upon a verdict ;" thus discharging the limitation which those words had imposed. This amendment had taken effect when the application for a new trial herein was made, but the judgment was entered in May preceding its passage. The question is, therefore, whether the amendment will be construed to have application to judgments rendered prior to its passage.

It is a general rule that laws must be prospective, and cannot have a retroactive effect : and this rule should be strictly adhered to in the construction of statutes, unless it be made clearly to appear, from the statute itself or from the statute considered in connection with the subject matter to

which it relates, that the legislature intended it to operate retrospectively. Whether a law is prospective or retrospective is a question of construction, in the absence of any express declaration in the act by which it is determined. There are, however, two classes of retrospective laws prohibited by the federal constitution, which declares that no state shall pass any *ex post facto* law, or law impairing the obligation of contracts. The clause relating to *ex post facto* laws is held to apply only to legislative action in regard to crimes and penal enactments. But laws are not unconstitutional simply for the reason that they are retrospective. Retrospective laws which do not impair the obligation of contracts or affect vested rights, or partake of the character of *ex post facto* laws, are not forbidden by the constitution. So Judge Story says, there are many laws of a retrospective character, which may yet be constitutionally passed by the state legislature, however unjust, oppressive or impolitic they may be. The amendment under consideration, even if it be retroactive in its effect, is most clearly not within the prohibition imposed by the federal constitution. The legislature of Connecticut passed a resolve setting aside a decree of a court of probate disproving a will, and granted a new hearing. It was held that the resolve was not prohibited by the federal constitution, and was valid. (*Colder* v. *Bell*, 3 *Dallas*, 386.) But see remarks of Jewett, J. on this case in *Burch* v. *Newbury*, (10 *N. Y. Rep.* 374, 394, 5.) In Maine it was held that the act granting writs of review on judgments against certificated bankrupts was not in violation of the federal constitution, and was a valid law. (*Colby* v. *Dennis*, 36 *Maine Rep.* 9.) But I am pursuaded that the amendment is not retrospective by its terms or by fair construction. To give it that effect, either the statute should so declare, or such should be the undoubted or necessary inference. Considerations of propriety as to the right of reviewing judgments are not sufficient to raise the presumption that the law was intended to act

upon judgments previously recovered.   So it was held that
the statute which authorized a writ of error in behalf of the
people, to review a judgment rendered in favor of a defend-
ant, did not authorize such writ to review a judgment ren-
dered prior to its passage.   (*The People* v. *Carnal*, 2 *Selden*,
463.)   To the same effect was the decision in *Watkins* v.
*Haight*, (18 *John.* 139.)   See also *Hughes* v. *Lumley*, (82
*Eng. Com. Law Rep.* 358 ;) *Vansittart* v. *Taylor*, (*Id.* 910.)
The amendatory act under consideration declares that section
36 is hereby amended so as to read as follows : then follows
the section as in the revised statutes, except that the words
"rendered upon a verdict" are omitted.   There are no words
inserted declaring that it should act retrospectively ; nor does
the statute as amended necessarily raise a presumption that
it should so operate.   The case of *Ely* v. *Holton* (15 *N. Y.
Rep.* 595) seems entirely conclusive of the question.   In this
case section 11 of the code was declared to be amended so as
to read as follows : after which follows the section as
amended.   It was contended that the amended section should
be considered as though it had been originally enacted in the
same language contained in the amendment.   But the court
held that such was not the true construction, and Judge De-
nio remarked, " we consider the amendment as only equiva-
lent to an independent statute."   And in another part of the
opinion he added, " The rights of the parties had been defi-
nitely settled according to the law as it existed at the time
the supreme court pronounced its judgment.   The case had
been determined by the court of last resort in such cases, ac-
cording to the arrangement of the laws then in force.   Then
the legislature intervenes, by declaring that judgments in that
class of cases are subject to another review.   But they are
not to be understood by this to refer to cases where the liti-
gation had been ended, but to actions thereafter to be prose-
cuted, and such as were then pending and undetermined."
So it was decided without dissent, so far as appears from the
reported case, that the act as amended became law only at

Bay *v.* Gage.

and subsequent to the passage of the amendment, and was to be construed prospectively.

The order of the special term should be affirmed, with ten dollars costs.

There is a question suggested by this examination, which it is unnecessary here to discuss, inasmuch as we have arrived at the conclusion that the amended act does not operate re-trospectively. Suppose the act had expressly declared that it should apply, as well to judgments theretofore recovered as to those thereafter to be rendered, would it not have been in contravention of the constitution of this state and void ? Would not its effect have been to impair vested rights ? In that event—to adopt the language of Jewett, J. in *Burch* v. *Newbury,* (10 *N. Y. Rep.* 396)—the act would create the means by which to open the judgment for reconsideration and adjudication upon the merits in controversy in the suit. This in effect would be to annul a complete and perfect right. See also remarks of Denio, J. above quoted. (15 *N. Y. Rep.* on page 600 ; also *Dash* v. *Van Kleeck,* (7 *John.* 489, 493, 500 ;) also *Wood* v. *Oakley,* (11 *Paige,* 400 ;) also *Denny* v. *Mattoon,* (2 *Allen* [*Mass.*] 361,) and note to *Van Rensselaer* v. *Smith,* (27 *Barb.* 154, (c).)

Order affirmed.

[CLINTON GENERAL TERM, May 6, 1862. *Rosekrans, Potter, Bockes* and *James,* Justices.]