## SUPREME COURT.

HIRAM P. TRIM and others agt. SAMUEL A. WILLOUGHBY.

The act of March 27th, 1871, providing for the extension of *mechanic's liens, &c.* being remedial, was passed for the purpose of extending the time for the enforc- ing the lien when proceedings were commenced within the year; and where the lien existed at the time the statute took effect, *held,* that the act applied to such proceeding.

THIS is a proceeding under the statute to enforce or foreclose a lien, under the following acts of the legislature, to wit, *mechanic's lien* : Act passed April 17th, 1854, applying to certain counties in this state. Act of April 14th, 1858, making the above mentioned act apply to all the counties of the state, except the counties of New York and Erie. By the provisions of the above mentioned acts, the lien continued for one year, from the time of the filing; and unless judgment was recovered (on proceedings to foreclose the lien) within one year from the time of filing, the lien could not be enforced (*Grant* agt. *Vandercook,* 57 *Barb.,* 165). By an act of the legislature, passed March 27th, 1871, the above mentioned act was amended, and the amendment reads as follows: "Section 20 of chapter 402 of the laws of 1854, is hereby amended, so as to read as follows : Every lien created under the provisions of this act, shall continue until the expiration of one year, unless sooner discharged by the court or some legal act of the claimant in the proceedings; but if within such year proceedings are commenced under this act to enforce, or foreclose, such lien, then such lien shall continue until judgment is rendered thereon, and for one year thereafter ;" and the act, by its provisions, took effect immediately.

In this case the lien was filed (by the plaintiff or claimant, who furnished materials to the contractor) on or about the 20th day of January, 1871.

The action to enforce or foreclose this lien, was commenced

about the last of January, 1871, nearly two months before the passage of this amendatory act. Issue was joined in the proceeding, and the matter was referred to W. T. ODELL, as referee, to hear and determine. Several hearings took place, within the year after the filing of the lien, and the action was adjourned from time to time by the consent of the parties until the 28th day of October, 1872, when a motion was made by the counsel for the defendant, to dismiss the action and the complaint therein, on the ground that more than one year had elapsed since the filing of the lien in this case, and since the action or proceeding to enforce the same was commenced; that the lien had expired, and no legal judgment could be rendered or entered therein.

A. POND, *for the motion,*

Cited, 57 *Barb.*, 165; 40 *How.*, 94; 47 *N. Y.*, 566; 7 *Johns.*, 477; 1 *Hill*, 325; 2 *Hill*, 283; 5 *Denio*, 183; 11 *Paige*, 403; 47 *Barb.*, 177; 24 *N. Y.*, 20; 15 *N. Y.*, 595.

J. R. PUTNAM, *for plaintiff,*

Cited, 57 *Barb.*, 165; 3 *Lans.*, 134; 3 *Cow.*, 308; 45 *Barb.*, 218; 5 *Lans.*, 173; 11 *N. Y.*, 281; 9 *Barb.*, 482; 4 *Kern*, 22; 19 *N. Y.*, 68; 8 *How.*, 207; 1 *Cow.*, 536; 4 *Wend.*, 210; 3 *Kern*, 313; 47 *N. Y.*, 163; 17 *How.*, 459; 2 *Seld.*, 463; 15 *N. Y.*, 596; 11 *Paige*, 400; 2 *Com.*, 182.

W. T. ODELL, *referee.*—The only question that arises on this motion, is, does the statute of March 27, 1871, apply to a proceeding, then commenced, to enforce or foreclose a lien then in existence? This lien would have continued (had no proceedings been commenced upon it) for about ten months after the act of March 27, 1871, went into effect. The act does not expressly provide that it shall apply to liens already created, or proceedings then commenced. It is,

therefore, a question of construction (*Bay* agt. *Gae*, 36 *Barb.*, 449).

" And it is the duty of courts so to construe the statute as to meet the mischief, and advance the remedy " (*Hart* agt. *Cleis*, 8 *Johns.*, 41).

" The intention of the legislature is to be gathered from other acts, *pari materia* as well as from the act itself. Sometimes it is to be collected from the cause or necessity of the statute " (*People* agt. *Utica Insurance Co.*, 15 *Johns.*, 358 ; *Kent's Com.*, 462 ; *Dresser* agt. *Brooks*, 3 *Barb.*, 429).

The lien in this case was created by proceedings under a former statute, and the act of 1871 merely affected the remedy. Under the former statute, judgment must be recovered within the year from the time of filing the lien. The party proceeded against, or the owner of the property against which proceedings were taken, could defend, make issue, and these issues, were to be tried like issues in actions at law. And for various reasons—sickness or absence of witnesses, &c., the proceedings could be extended beyond the year and the lien cease. The former statute was evidently defective, and in many instances would afford no remedy to the mechanic or furnisher of material. It is evident that the statute of March 27, 1871, was passed to cure this defect, and being remedial, should receive a liberal construction (3 *Barb.*, 429 ; 16 *Johns.*, 264 ; 10 *Barb.*, 35 ; 10 *Wend.*, 449.)

In *Grant* agt. *Vandercook*, (57 *Barb.*,) Justice HOGEBOOM, at page 167, uses the following language : " The remedies created in the mechanic's lien law are of a purely statutory and extraordinary nature, and the provisions for their enforcement must be strictly construed " (Citing, *Roberts* agt. *Fowler*, 3 *E. D. Smith*, 632). This, I think, must mean that the statute, so far as it provides for proceedings to create or perfect the lien, must be strictly construed. But when the lien is once created or perfected under the statute, then the remedial part of the statute so far as the provisions for foreclosing the lien, is subject to a different rule of construction, " A

statute may be regarded as penal, and to be strictly construed in one aspect, but as remedial and to be liberally expounded in another aspect " (*Fish* agt. *Fisher*, 2 *Johns. cases*, 89). " When scanning the proceedings to attain a remedy, the courts have been strict and rigid in exacting a compliance with all the requisitions of the statute," if the statute is in derogation of common law. But " when looking at the remedy, the courts have taken care that it should be made effectual, if possible, in the manner intended " (20 *Johns.*, 80 ; *Smith* agt. *Ï o Jett*, 1 *Barb.*, 65 ; 9 *Wend.*, 227 ; 8 *Cow.*, 13 ; 20 *Wend.*, 207 ; 9 *How.*, 238).

It is evident from the circumstances under which the statute was passed, and from the act itself, that it was the intention of the legislature to cure the defect in the former law, and afford parties who had filed liens an adequate remedy to enforce them. And this intention must prevail in its construction by the courts (1 *Kent's Com.*, 162 ; 15 *N. Y.*, 532 ; 26 *N. Y.*, 523.; 31 *N. Y.*, 289).

It is not subject to the objection that it affects vested rights. It only changes the limitation of the lien. That when proceedings are commenced within the year to enforce the lien, that then the lien shall continue. This the legislature may do (1 *Hill*, 324 ; 1 *Story on the constitution*, 236, § 1,385).

The legislature has power to control the remedy. So held in relation to the statute increasing the amount of property exempt from execution (11 *N. Y.*, 281 ; 36 *Barb.*, 447) and the law in relation to costs which are to be adjusted, under the law in effect at the time of adjustment ; so in regard to the law abolishing distress for rent.

The act of 1871, being remedial, passed for the purpose of extending the time for enforcing the lien when proceedings were commenced within the year, and the lien in this case existing at the time the statute took effect, it is held that the act applied to this proceeding, and the motion must be denied.