PEOPLE *ex rel.* DECKER v. WHITNEY.

*Forcible entry and detainer — affidavit in proceedings for — waiver of objections.*

In proceedings under the statute relating to forcible entry and detainer, the affidavit to the complaint was in form required by § 157 of the Code for the verification of pleadings. *Held,* not such an affidavit as the statute requires.

The verification required by the Code is nothing more in effect than a verification of the pleading upon information and belief; the affidavit required by the statute relating to forcible entry, etc., should be positive, and state the facts as of the knowledge of the affiant, or if facts are stated upon information they should be so stated, and the source of information given.

In proceedings for forcible entry and detainer the defendant objected to the verification at the first opportunity before the county judge. Subsequently a jury was impaneled, and an inquisition found which the defendant traversed, and brought a certiorari to review the proceedings. *Held,* that defendant did not, by his subsequent action, waive the objection to the verification.

CERTIORARI to review proceedings for a forcible entry and detainer, under the provisions of part 3, chapter 8, title 10, article 1 of the Revised Statutes, had before the county judge of Erie county. The proceedings were commenced on 29th day of April, 1873, by Elizabeth Whitney, to obtain possession of premises held by Lewis Decker. A complaint was made containing the facts relied upon by the relator in the proceedings to which the ordinary verification required to pleadings by § 157 of the Code, viz.: " That the foregoing complaint is true to her own knowledge, except as 'to the matters therein stated on information and belief, and as to those matters she believes it to be true," was appended.

On the 29th of April, 1873, a precept for a jury, and a notice to Lewis Decker of the precept, etc., was issued by the county judge. The precept was made returnable on the 6th day of May.

Upon the return day nineteen jurors appeared in obedience to the precept which directed the summoning of twenty-four. Before the jury were sworn, the counsel for Decker objected to the complaint on the ground that it was insufficiently verified to constitute an affidavit within the meaning of the statute, it being sworn to upon information and belief. The objection was overruled and defendant's counsel excepted.

Defendant's counsel also objected to the jurors present being

sworn, on the ground that twenty-four jurors had not appeared and answered. The objection was overruled and exception taken.

The jury being sworn, a trial was had at which both parties introduced evidence. The jury found an inquisition against the defendant for a forcible holding out. The defendant's counsel thereupon moved the county judge to quash such inquisition, on the ground of the various objections and exceptions made by him. The motion was denied and the defendant's counsel excepted. Within twenty-four hours after the finding it was duly traversed in writing, and a writ of certiorari allowed by Hon. James SHELDON, judge of the superior court of Buffalo.

*S. Lockwood*, for relator. The traverse of the inquisition did not waive the objections before the county judge. *People* v. *Wilson*, 13 How. 446; *Carter* v. *Newbold*, 7 id. 166. This court will interpose to correct mistakes of law. *People* v. *Metropolitan Board of Police*, 39 N. Y. 506; *People* v. *Reed*, 11 Wend. 157; *People* v. *Smith*, 24 Barb. 16. The affidavit was not in proper form. *Bostwick* v. *Elton*, 25 How. 364; *Truscott* v. *Dole*, 7 id. 221.

*M. A. Whitney*, for respondent. The complaint was sufficient, as it states that the relator has an estate of freehold. 3 R. S. 831, § 3; *People* v. *Van Nostrand*, 9 Wend. 59; *People* v. *Fulton*, 11 N. Y. 94. A verified complaint answers the purpose of an affidavit. *Porter* v. *Cass*, 7 How. 441. The objection that the complaint was not properly verified was waived by traverse of the inquisition. *People* v. *Field*, 1 Lans. 222; S. C., 58 Barb. 270.

E. D. SMITH, J. The proceedings in this matter, I think, must be reversed, upon the ground taken before the judge on the return of the precept issued by him for summoning the jury, by whom the inquisition was made. The return states that the counsel for the defendant objected to the complaint, on the ground "that it was insufficiently verified to constitute an affidavit, within the meaning of the statute, it being sworn to upon information and belief," which objection was overruled by the judge, and the counsel for the defendant duly excepted.

The statute — § 2 of the article, in respect to "Forcible Entries and Detainers" (2 Rev. Stat. 508), requires that to institute these proceedings before a judge a complaint shall be made, and § 3 de-

clares "that such complaint shall be in writing, and shall be accompanied by an affidavit of such forcible entry or forcible holding out."

The making and presentation to the judge of such complaint and affidavit are essential to give him jurisdiction to entertain the proceedings. The complaint in this case was sufficient to confer jurisdiction, but no affidavit was made to accompany it, except the verification of pleadings required by § 157 of the Code.

This, I think, is not a compliance with the statute. A complaint thus verified is not such an affidavit as was intended in the statute.

The affidavit which should accompany the complaint should be positive and state the facts positively, as of the knowledge of the affidavit, or if any facts are stated upon information they should be so stated and the source of the information also given.

The form of verification of pleadings prescribed by the Code does not necessarily imply that any of the facts stated in the pleadings referred to are true to the knowledge of the party making such verification. Such verification is in effect satisfied as respects its truth, if the party making it was informed that the facts therein stated are true. Since no discrimination is made, or required to be made, between facts stated upon knowledge and facts stated upon information in the pleadings, the verification is nothing more in effect than a verification of the pleading upon information and belief.

The commission of appeals has recently decided in the case of *Gawtry* v. *Dorn*, 51 N. Y. 84, that under the statute which requires an affidavit to be annexed to an answer, denying the receipt of a notice of protest, a denial of such fact in the answer, with the usual verification thereof, will not satisfy the statute.

This objection having been distinctly made by the defendant at the first opportunity, before the county judge, and insisted on, is fatal to the proceedings unless waived, as is claimed or obviated by subsequent proceedings. The return shows that the jury was immediately thereafter impaneled, and the investigation proceeded till the inquisition was found and signed, and immediately thereupon, and as soon as the inquisition was made, the relator traversed it and brought the certiorari soon thereafter and before any other proceedings were had.

This was no waiver of the objection to the insufficiency of the affidavit. It was held in *People* v. *Hunt*, 13 How. 146, and in *Car-*

*ter* v. *Newbold*, 7 id. 166 : " That objections to the complaint or any substantial objections to the proceedings were not waived by the traverse of the inquisition, and clearly nothing of the kind was intended or should be presumed." In *People* v. *Field*, 1 Lans. 231, it was held by MORGAN, J., that it was competent for a relator, in such proceedings, to renew objections to the complaint raised before the county judge after the proceedings were brought into this court by certiorari. In that case the certiorari must have been brought before the defendant in the proceeding had traversed the inquisition. Such traverse must, under section 14 of the statute, be made within 24 hours after the inquisition was found to stay the proceedings before the county judge. And as STORY, J., in the case of *People* v. *Davids, supra,* said : " It would be unreasonable to require the defendant to make out the requisite paper and move for a certiorari within that time, or submit to the temporary deprivation of his property." A traverse thus necessarily interposed, immediately upon the finding of the inquisition, to prevent the issue of process to put the party prosecuting such proceeding into possession, cannot fairly be considered as waiving any rights of the respondent before the county judge, and particularly rights and objections distinctly made and insisted on in *limine*.

In *People* v. *Smith*, 24 Barb. 16, it was held, " that as these proceedings were summary and statutory they must be strictly conformed to the statute, and are open to technical objections ; " and see *Ferguson* v. *Morgan*, 20 Wend. 207. In that case the inquisition was quashed, and it was held to be the duty of the court, when these proceedings are brought into it by certiorari, to examine them and quash them if irregular or insufficient, and to ascertain whether jurisdiction has been obtained of the subject-matter or of the parties, and whether the statute's prerequisites have been complied with.

I think the county judge never acquired jurisdiction of the person or the subject-matter for want of a sufficient affidavit, as prescribed by the statute, and that the proceedings should be reversed with costs.

*Proceedings reversed.*