By the Court. Oakley, Ch. J.
We are all of opinion that it is so far, from being true that we are bound to grant this application, that we have, in reality, no power to grant it. Rot merely is it not our duty, but it is not within our discretion.
We do not doubt that the general provisions in the Revised Statutes to which we are referred are imperative, in all the cases to which they apply; nor that they are applicable to all actions under the Code, for the recovery of real property; but the proceeding in which this judgment has been rendered, is not an “ action,” and by calling it such, we should contradict the plain words of the Code, which describe it as the submission by the parties, “ without action, of a question in difference, to a court which would have had jurisdiction, if am, action had been brought” (§ 372). It is equally clear that it neither falls within *703 the former technical meaning of an action, nor within the terms of the definition which the Code has given (§ 2).
But could we, without a solecism, give the name of action to this voluntary submission, it is still certain that we could not apply the provisions of the R. S. to the judgment that we are now called upon to vacate. Section 37, in the title of ejectment, which contains the provisions relied on, plainly refers to the section which immediately precedes it, and reading it in this connection, it is manifest that the judgment which the court is directed to vacate, is a judgment upon a verdict, and the nevf trial which it is ordered to grant, a trial before a jury. But the judgment between these parties was not rendered upon a verdict, but.upon a case to which they had agreed, and could we set it aside, we could not direct a trial by a jury, since the language of the Code is positive that the case, so agreed upon, shall be heard and determined by the court at a general term. It would, indeed, be absurd to send the cause to a jury, when the facts having been settled by the parties, questions of law alone would remain to be determined, and these questions which the court, upon full consideration, has already determined.
What we are therefore, asked to dp is not merely to vacate the judgment and order a trial, but to vacate the submission and annul the case to which the parties have agreed, so as to enable the plaintiff to contest before a jury, the facts which she has admitted to exist. It is exceedingly clear, however, that we have no such power, and equally so, that were the submission and case set aside, our jurisdiction would cease. It was the consent of the parties in the form prescribed by the Code, that alone gave us jurisdiction. .Annul that consent and the jurisdiction is gone.
It is not alleged that Sarah Lang agreed to the case and its submission, upon which our judgment was founded, through fraud or mistake. Had the allegation been made, it could not have been listened to upon a motion like the present. In such a case, as a court of equity, we may have power to relieve her, but only in a suit properly instituted and upon a complaint properly framed. The submission of a controversy under the Code, is a contract of a high and solemn nature, and it is only upon the fullest evidence of fraud or mutual error, that a court *704 of equity would ever adjudge it to be void; and then only in a form in which their decision might be reviewed, and if erroneous, reversed.
It is possible, that although more than a year has elapsed, since our judgment was pronounced, we might still, in the exercise of our. discretion, grant a re-hearing, but no such application has been made, nor any reasons for such an exercise of our discretion been suggested; and were the application now made, it is not at all probable that it would be granted. We-see no reason to doubt the propriety of our former decision, and if the judgment then rendered is believed to be erroneous, it is still open to a reversal upon an appeal.
Motion denied.