This is an action of ejectment, and was tried at the Chautauqua Circuit before Mr. Justice MARVIN on the 8th of December, 1848, and a verdict was rendered by the jury in favor of the plaintiffs. On this verdict a judgment was entered in favor of the plaintiffs on the 18th of August, 1852, and the costs adjusted at $36. On the 13th of September, 1852, the defendants appealed from this judgment upon exceptions taken by them. The appeal was heard at the general term of the seventh district on the first Monday of September, 1856, and the judgment appealed from was affirmed. From this order the defendant, White, appealed to this court; and at the September term of this court, in 1858, the said judgment was affirmed. On the hearing of the motion now under review at the special term, the defendant White, claimed, as matter of right, a new trial in the action, on payment of costs. His offer to this effect, as appears from the papers, was first made in the defendant's affidavit, sworn to on the 22d of February, 1859. The provision of the statute is, that the court in which such judgment (that is, every judgment in the action of ejectment rendered upon a verdict, as mentioned in the preceding section) shall be rendered, at any time within three years thereafter, upon the application of the party against whom the same was rendered, and upon payment of all costs recovered thereby, shall vacate such judgment and grant a new trial in such cause. (3 R.S., § 30, p. 596.) It has been held that this section applies to actions under the Code, but it is essential to the relief that *Page 349 
there should have been a trial by jury and a verdict rendered, upon which the judgment was entered. (Holmes v. Davis, 21 Barb., 265; Lany v. Ropke, 1 Duer, 701.) It is incontrovertible that by the provision of this section, the application for the new trial, and offer to pay the costs, must be made within three years after the judgment is rendered upon the verdict. The court in which the action is pending can only grant the relief contemplated by this section, when the application is made within that time. The judgment of the Supreme Court was rendered on the defendant's application upon the verdict on the 18th of August, 1852, and after three years from that date that court had no power to grant the new trial on the defendant's application, and on payment of costs by him. The defendant is mistaken in supposing that this section means the final judgment rendered by the court of last resort. It is the first judgment in the action rendered upon the verdict of the jury, which is the one referred to in the provision. At the expiration of three years from that date, the rights secured to a defendant in ejectment, by this section, are gone. The court below correctly decided, therefore, that it had no power to grant the new trial on the defendant's application.
I have had some embarrassment in reference to the remaining question made by the appellant, viz., that the execution and writ of possession issued on the last judgment were irregular, as the judgment of this court had not been made the judgment of the Supreme Court. It appears that the remittitur from this court was filed with the clerk of the county of Chautauqua on the 20th of November, 1858, but that no order was then, or has been since, entered with said clerk, making the judgment of this court the judgment of the Supreme Court. The costs on the appeal were noticed for taxation, at the time the remittitur was filed with the clerk, before him; but by an arrangement between the attorneys the adjustment was adjourned until the 26th of November, to enable the plaintiff's attorney to consult one of the justices of the Supreme Court in reference to the remittitur and the costs. The same were handed to Justice GREENE on the 22d of November, but it does not *Page 350 
appear that he made any order thereon; and on the 26th of November, when the costs were finally adjusted, the remittitur was returned to the files of the clerk of the county of Chautauqua. It undoubtedly is the better practice to file a remittitur from this court in the court from whence the case comes to this court, and make a motion therein, and have an order entered that the judgment of this court should stand and be the judgment of that court. The omission to enter such an order is a formal irregularity, which the court can at any time correct by directing the order to be entered nunc pro tunc. It is an order of course, and we may assume that the Supreme Court in denying the motion to set aside the execution and writ of possession did not deem the omission of any serious moment. If the order has not been entered, it is competent for the Supreme Court to direct it to be done, as of the day the remittitur was filed; and we do not think the omission presents sufficient ground to reverse the orders made in the court below.
The orders appealed from are therefore affirmed, with costs.
All the judges concurring,
Orders affirmed.