### SUPREME COURT.

MAJOR THOMPSON and others agt. ROBERT SHERRARD and others.

It is irregular and improper in an action to recover the possession of real estate, (formerly ejectment,) to appoint a *receiver* of the rents and profits of the property described in the complaint.

*New York General Term, October,* 1861.

CLERKE, SUTHERLAND and BARNARD, *Justices.*

BEFORE the Code, this would have been called an action of ejectment. It is an action to recover the possession of certain real estate in the city of New York, and damages for the wrongful withholding thereof.

On the complaint and affidavits before answer, and on the motion of the plaintiffs, an order was made at special term appointing a receiver of the rents and profits of the property described in the complaint.

The case comes before us by appeal from this order.

A. R. LAWRENCE, JR. *for defendants and appellants.*
GEORGE STEVENS, *for plaintiffs and respondents.*

By the court, SUTHERLAND, Justice. The question is, whether the order appointing a receiver was regular and proper.

I think it was not, and that the order should be reversed, with costs.

It appears from the affidavits that the real estate claimed consists of a lot of ground with a tenement house thereon. That at the time of the commencement of the action, the defendants Robert Sherrard and wife were in the occupation of certain rooms, or a certain part of the house, and that the other defendants, Lenathan, the Coulters, Transquist, Greenwood and Norwood, were in the actual occupation of the other rooms, or parts of the house, as tenants, paying certain specific cash rents to Robert Sherrard. It is these certain and specific cash rents which, by the order, I suppose, it was intended the receiver should be made the receiver of.

It is doubtful whether Sherrard and his wife could properly be joined as defendants with the tenants, the other defendants. (*The People* agt. *Mayor, &c. of New York*, 17 *How. Pr. R.*, 56; *opinion at p.* 65, *and cases there cited.*)

As to the part of the premises actually occupied by Sherrard, he was the only proper defendant; perhaps his wife might have been joined with him. As to the other parts of the premises actually occupied by the tenants, paying rents to him, he could at his election, by motion, be made a defendant under the provisions of the Revised Statutes, (2 *R. S.*, 341, 342, § 17;) but it would appear that even under the Code he could not properly be made a defendant at the election of the plaintiff, by naming him in and serving him with the complaint, as to the parts of the premises actually occupied by his tenants. (*The People* agt. *The Mayor, &c., above cited, and the cases there cited.*)

But it is not necessary, in disposing of this appeal, to decide whether Sherrard could properly be made a defendant with his tenants, as to the parts of the premises not

occupied by him, but actually occupied by his tenants ; or whether a joint action could be brought against him and them for the several parts actually occupied by him and them.

It is plain, independent of these questions, that the appointment of a receiver in the action was irregular and improper.

Such appointment was not consistent with the nature of the action and the relief sought, or with the provisions of the Revised Statutes (2 *R. S.*, 309, §§ 36, 37, 38,) declaring and restricting the force and effect of judgments in such actions, even as between the parties.

These provisions have not been repealed by the Code. (*Lang* agt. *Ropke*, 1 *Duer*, 701 ; *Chautauque County Bank* agt. *White, survivor, &c., recently decided by the court of appeals, not yet reported.*)

If the plaintiffs recover a judgment in this action, the defendant or defendants against whom the recovery shall be had, will be entitled of course by section 37 of the statute above referred to, at any time within three years thereafter, to have the judgment vacated, and to a new trial in the action.

In the meantime what is to become of the rents and profits of the premises in the hands of the receiver ? To whom do they belong, and what is the receiver to do with them ? If paid over to the plaintiffs on their obtaining judgment, the plaintiffs may have to pay back such rents and profits either to the receiver or the defendants on the termination of the second trial. I do not see why the defendants, on the judgment which the plaintiffs may obtain being vacated and new trial ordered, would not have the same right to have a receiver appointed on their motion as the plaintiffs had on commencing the action on their motion, and thus the rents and profits might shift from receiver to receiver, or from party to party, until the second judgment in the action is obtained.

But even the second judgment is not conclusive as be-

tween the parties as to the title. By the same 37th section the court may, within two years after the second judgment, grant another new trial.

Again, the appointment of a receiver in this action must have been made upon the theory that if the plaintiffs recovered the possession of the premises, they would also be entitled to recover as of course, as damages for the unlawful withholding of the possession, the precise rents or amounts of the rent, paid or payable by the tenants to Sherrard. But this is all a mistake. The action for the possession of land, under the Code, is brought, as ejectment before the Code was brought, against the defendants as trespassers ; and the claim against them for mesne profits was, and is still, a claim against them as trespassers for the wrongful withholding the possession. Can it be claimed that it is regular and proper to appoint a receiver to receive damages to be recovered in an action of trespass ?

I again refer to my opinion in the case of *The People* agt. *The Mayor, &c.*, on this point. (*See opinion, at pages* 63, 64.)