## SEACORD v. MORGAN.

December, 1867.

Upon an undertaking on an appeal taken by two appellants, that "if the said judgment appealed from, or any part thereof, be affirmed, the said appellants will pay the amount," the sureties are liable if the judgment is affirmed against *one* appellant, though *reversed* as to the other.

Franklin B. Seacord sued Caleb Morgan and John Warren on an undertaking which defendants gave, to effect an appeal in a previous action brought by plaintiff against Nicholas and Leonard P. Miller. The two Millers were sued as maker and indorser of a note, and after judgment against both, they appealed. To render the appeal effectual (under Code of Pro. § 335) the present defendants united in an undertaking binding themselves that "if the said judgment so appealed from, or any part thereof, be affirmed, the said appellants will pay the amount directed to be paid by said judgment, or the part of such amount as to which the said judgment shall be affirmed, if it be affirmed only in part, and all damages which shall be awarded against said appellants on the said appeal."

Upon such appeal, this court affirmed the judgment against Nicholas Miller, the maker, and reversed it as against Leonard, the indorser, and judgment was rendered in his favor. Seacord v. Miller, 13 N. Y. 55.

The plaintiffs now sued on said undertaking, and averred that the judgment was affirmed as to Nicholas Miller, with costs, and reversed as to Leonard P.; that judgment had been perfected

in the supreme court, upon the judgment of the court of appeals, and an execution had been issued against the property of Nicholas, and that the same had been duly demanded of said Nicholas, and that the defendants had notice thereof.

The referee gave judgment for plaintiff.

*The supreme court*, at general term, affirmed judgment for plaintiff,* and defendants appealed.

*Wm. H. Taggard*, for defendant, appellant ;—Cited Shearman *v.* N. Y. Central Mills, 11 *How. Pr.* 271; Moore *v.* Paine, 12 *Wend.* 126; Gates *v.* McKee, 13 *N. Y.* (3 *Kern.*) 237; Bigelow *v.* Benton, 14 *Barb.* 123, 128; Drummond *v.* Husson, 14 *N. Y.* (4 *Kern.*) 60, 62; Cheesborough *v.* Agate, 7 *Abb. Pr.* 32; S. C., 26 *Barb.* 603; Barnard *v.* Viele, 21 *Wend.* 88; Poppenhusen *v.* Seeley, 41 *Barb.* 452; Sheldon *v.* Quinlen, 5 *Hill*, 441; Moulton *v.* Norton, 5 *Barb.* 286; Van Schoonhoven *v.* Comstock, 1 *Den.* 655; Cruikshank *v.* Gardner, 2 *Hill*, 323, 334; Farrell *v.* Calkins, 10 *Barb.* 349; *Code* 1849, § 330; altering *Code* 1848, § 278; Gardner *v.* Barney, 24 *How. Pr.* 467; Union Rubber Co. *v.* Babcock, 1 *Abb. Pr.* 262; S. C., 4 *Duer*, 620; Chautauqua Bank *v.* White, 23 *N. Y.* 350.

*Samuel E. Lyon*, for plaintiff, respondent ;—Cited Slack *v.* Heath, 1 *Abb. Pr.* 339; S. C., 4 *E. D. Smith*, 95; Central Ins. Co. *v.* Moriarty, 10 *How. Pr.* 344; 17 *Id.* 394.

BY THE COURT.—DAVIES, Ch. J. [After stating the facts.]— The only question of a serious nature urged upon us for a reversal of this judgment is, that, as it appears affirmatively that the judgment appealed from was against two defendants, and as it was affirmed only as to one defendant, and reversed as to the other, the event or contingency upon which these defendants agreed and undertook to pay the judgment appealed from has never happened. They undertook that, if the judgment so appealed from be affirmed, then the appellants would pay the amount directed to be paid by the said judgment, and all damages which might be awarded against the said appel-

---

* See 17 *How. Pr.* 394; 24 *Id.* 467.

lants on the said appeal. The defendants contend that the judgment. so appealed from has not been affirmed. There is some plausibility, it must be confessed, in this position, and it has been sustained by a very ingenious and able argument by the counsel for the appellants. And, were it an open question in this court, it would be proper to proceed with the discussion of the views suggested.

But, as we understand it, the precise question now presented was considered and passed upon by this court in the case of Gardner v. Barney, decided here in December, 1863, not reported. That was an action upon an undertaking given by the defendants on an appeal from a judgment of the special term to the general term of the supreme court, taken by the defendants Ogden and Smith. The judgment of the special term was against both defendants, and the appeal was from that judgment, by them, to the general term, and the undertaking similar in form to that given by these defendants. The general term of the third district reversed the judgment, and ordered a new trial. From this order the plaintiff, Gardner, appealed to this court, and this court reversed the order of the general term, granting a new trial, so far as it related to the defendant, Smith, and affirmed the judgment of the special term as to him, with costs. It also affirmed the order granting a new trial as to the defendant, Ogden, and gave judgment in his favor against the plaintiff, with costs. Gardner v. Ogden, 22 N. Y. 327.

The action in this court, above referred to, against Barney and Butler, was upon the undertaking given on the appeal taken by Ogden and Smith from the judgment against them at special term to the general term ; and the question, as stated by DENIO, Ch. J., in the opinion of this court, was whether the affirmance of the judgment as to one of the defendants, who were together adjudged to pay a sum of money in the original action, rendered the defendants liable as sureties upon the undertaking.

That question is very carefully and fully discussed by the learned chief judge. And as his views upon this point have never been reported, and are so conclusive upon the point under discussion, and received on that occasion the approval of

this court, it is not deemed inappropriate to quote them. Nothing further need be added upon the subject.

Judge DENIO said: "The expressions of the undertaking, which provide for the case of an affirmance only in part, appear to have reference primarily to the amount, and not to the number of persons charged. The language is, 'that the appellants, in the case of a partial affirmance, will pay the amount directed to be paid by the judgment, or the *part of such amount,* as to which it shall be affirmed, if it be affirmed only in part.' But independently of these words, I am still of opinion that this judgment has been affirmed according to the general sense of the instrument.

" The decision that the plaintiff is entitled to the amount of money adjudged to him by the special term, is sustained, and the position is upheld that he is entitled to recover it in the action. It was a case in which several damages might be given against one of the defendants, though the other should be acquitted. This is established by a judgment affirming the recovery as to Smith alone. The judgment of the special term has therefore been affirmed, with a variation, however, in this, that the recovery is to be satisfied by one and not by both of the defendants. It is not necessary to depart from the language of the instrument in order to charge the sureties. They are liable according to the terms of their undertaking. There has been an affirmance of the judgment appealed from. An equitable construction cannot be resorted to for the purpose of charging sureties. But if the case is within the letter of their contract, they are liable, unless there is something in the spirit and intention of the instrument, or of the law under which it is given, which exonerates them. The object of the undertaking is to procure an absolute stay of execution, and of all proceedings on the judgment, and such is its effect (§§ 335, 339.) The motive for requiring the undertaking, was to secure to the plaintiff the fruits of the recovery, in case it should be determined that the allegations of error were unfounded. As the plaintiff is, by the stay of execution, deprived of the immediate resort to the property of the judgment debtor, which the law would otherwise give him, and as his title to the amount adjudged in his favor is *prima facie* established, it was the pol-

icy of the law that he should have security to indemnify him against the possible contingency of the delay. The law assumes the judgment to be such presumptive evidence of his right, that it will not subject him to the hazard arising from the delay of further litigation, without an indemnity against any loss which he might thereby incur. If it should be decided, that, in order to hold the sureties, the judgment should be affirmed in all its parts without variation or modification, the provisions for security would be illusory in a great variety of cases which may be supposed. Let us take the case of an equity suit against two defendants, and a judgment in a primary court against one, and an acquittal of the other, and cross appeals by the plaintiff as to the discharge of the one acquitted, and by the defendant who was held liable, and that the appellate court should hold that both were liable, and give judgment accordingly. It is plain that the sureties of the defendant, who was held liable by the first judgment, ought not to be discharged, for the complaint of that defendant against the judgment would be shown to be unfounded, and the plaintiff would have incurred the hazard against which the undertaking was intended to protect him; and yet, it could not be said that the identical judgment appealed from had been affirmed in every particular. The system of the provisions respecting security on appeals is explained by section 366 of the Code. A judgment directing the assignment or delivery of documents or personal property. The undertaking in that case was to the effect, that the appellant would obey the order of the appellate court on the appeal. This shows the general intention of the legislature, that the judgment of the primary court should not be delayed in its execution, unless the party charged should give security to abide the judgment of the superior court, if it should be adverse to him, without requiring that the same identical judgment should be sustained.

" The nature of the original action, and the liabilities upon which the recovery was had, are not stated in the present case. We may suppose them to have been what we know, by looking into the former case, they were, an alleged breach of duty on the part of the defendant Ogden, as a member of a firm who

were the agents of the plaintiff for the sale of his land, in disposing of it in bad faith, and for a less price than it was worth, the defendant Smith being the buyer, under such circumstances as would estop from him of the defense of a *bona fide* purchaser. Both the defendants were held liable for the supposed value of the land, and although the judgment was joint in form, each was made liable on account of his supposed individual misconduct, and not on account of the delinquency of the other. It was more like a judgment against two tort feasors, than one against joint debtors. In such cases the appeal is in effect several by each defendant, and it would have been perfectly correct for each defendant to have brought a separate appeal, and to have given a separate undertaking, though it was not irregular for them to join in the appeal and procure a single undertaking. But the proper construction of the instrument is, that the sureties undertake for each of the defendants. The defendant Smith was made liable for the value of the land, on account of having purchased it at a voidable sale, under circumstances which would not enable him to hold it against the plaintiff's equity; and Ogden was held liable in the same amount for having sold the land to Smith in violation of his duty; and the judgment contained a provision that Smith might satisfy the amount by reconveying such part of the land as he had not disposed of to others, and assigning and paying to the plaintiff the securities and money which he had received for the parts sold by him. Now it might very well be that the judgment could be sustained against one, while the other should be acquitted, and such was in fact the judgment of this court, which was in favor of Ogden, on the ground that he, being absent from the country, had no personal concern with the alleged illegal purchase from the plaintiff. The appeal taken under such circumstances was in effect several by each defendant, and the undertaking should be construed in connection with the judgment. Viewed in that light, the sureties must be considered as undertaking, in behalf of Smith, that if the judgment against him, from which he had appealed, was affirmed, he should pay the amount adjudged; and so of the defendant Ogden. If the sureties were bound separately for each defendant, in respect to the judgment

IV.—12

against each, as I think they were, it is of no consequence that there was a reversal as to one of them. The terms of the contract adjust themselves to the case as it actually existed, and it is the same thing as though each had appeared separately, and the sureties had signed a separate undertaking upon each appeal. Though the nature of the action in the original suit, and the grounds of the judgment were not proved on that under review, neither was it shown that the judgment was one against joint debtors, and the condition annexed to it, allowing Smith to discharge it by a collateral act, shows that it was not an ordinary judgment against two persons jointly indebted. I am, therefore, of opinion, that the objection that the judgment has not been wholly affirmed, or affirmed as to both defendants, is not well taken."

These are the views of this court, so clearly expressed in a case so analogous to the present, that they must be regarded as controlling and not open to further discussion. It is impossible to point out any essential difference between the case under review and that in which the preceding opinion was rendered. If ever a case was *in quatuor pedibus* with another, this is with that. To the same effect is the case of Potter *v.* Van Vranken, 36 *N. Y.* 619.

In the record now before us it distinctly appears that the original judgment was not against the defendants therein as joint debtors, but a judgment against them upon the separate liability and contract of each. It was against Nicholas Miller, as maker of the promissory note in suit, and against Leonard P. Miller as the indorser thereof; and, as was observed in Gardner *v.* Barney, it might very well be that, under such circumstances, the judgment might well be sustained against one defendant, while the judgment against the other would not be allowed to stand.

Then the appeal, in effect, was in this case, as in that, a several appeal by each defendant; and we are to construe the undertaking to refer to the character of the judgment it was given to secure. In that light we must hold that the sureties are to be regarded as undertaking, on behalf of Nicholas Miller, that if the judgment against him, from which he had appealed, should be affirmed, he would pay the amount of the

judgment; and the same as to the other defendant. Now, the judgment against the defendant Nicholas Miller was affirmed by this court, and upon such affirmance, the liability of his sureties to pay the judgment so affirmed became absolute. It was not impaired by the circumstance that this court reversed the judgment of the supreme court against the other defendant, Leonard P. Miller. It is not denied that if each defendant had taken a separate appeal to this court from the judgment against him, and an undertaking had been executed upon each appeal, that in case of the affirmance of the judgment upon either appeal, the sureties in respect thereto would have been fixed, although the judgment on the other appeal had been reversed. We held in Gardner *v.* Barney, that in a case like the present, it is the same thing as though each defendant had appealed separately, and the sureties had signed a separate undertaking upon each appeal. That is decisive of the case at bar.

The finding of the referee, that the *remittitur* from this court, containing the affirmance of the judgment, was filed in the supreme court by its order, is conclusive of the facts, and of the regularity of the plaintiff's proceedings. We have no doubt of the power of the supreme court to direct the order to be entered, making the judgment of that court, *nunc pro tunc.* Chautauqua County Bank *v.* White, 23 *N. Y.* 347.

The judgment should be affirmed, with costs.

A majority of the judges concurred.

Judgment affirmed, with costs.