By the Court:

Fithian, J.
I am of opinion that on the application for the appointment of a receiver, the plaintiff established a sufficient apparent right to property ” to entitle him to a receiver, provided this be a case in which a receiver can be appointed at all. The plaintiff’s title is admitted, and the alleged acts of forfeiture are admitted. The defense consisting of affirmative allegations of waiver, upon the pleadings on the trial plaintiff would be entitled to rest without proof, and demand judgment in his favor, unless defendant could affirmatively show a defence. Certainly no more “ apparent right ” could be shown in any case where there was an issue of fact. So, if this is a case where a receiver can be appointed at all, the discretion of the justice appointing, in respect to whether, under all the circumstances of the case, it was just and equitable to appoint one, should not be interfered with.
*211 The first question to be determined here is whether a receiver can be legally appointed in an action for the recovery of the possession of real estate, and damages for the withholding of the same.
It is claimed, and authorities are cited to sustain it, that a receiver could never be appointed in a purely legal action; that such an officer could be nominated only in actions of equitable cognizance. This was true before the Code. A receiver and an injunction were remedies or instrumentalities pertaining exclusively to courts of equity. How, however, both legal and equitable jurisdiction are vested in the same courts and officers. And all distinctions between legal and equitable actions (as if regards forms) are abolished. The legislature could not, of course, destroy the essential distinctions between legal and equitable prin ciples; but it can, and has, to a very considerable extent, permitted both legal and equitable principles to be asserted and invoked in one and the same cause of action. And many of the remedies which, before the Code, pertained exclusively to actions brought to assert purely equitable rights and remedies, are now made applicable generally to actions of legal as well as equitable cognizance. Indeed, it could hardly be otherwise, as we now have but one form of action in which to assert all remedies known to the laws and the courts. And it seems to be the design of the Code, as far as is practicable, to make those formerly distinct remedies common to all actions where the facts bring the case within the provisions of the statute, but particularly so in respect to those remedies designated “provisional.” The language of section 244 of the Code is very clear, explicit, and unequivocal. A receiver may be appointed before judgment in any action, and “ on application of either party ” who “ establishes an apparent right to property which is the subject of the action, and which is in the possession of the adverse party; and the property, or its rents and profits, are in danger of being lost, or materially injured or impaired.” This language is broad and general. It is impossible, without interpolating qualifying words into the statute, to restrict the power of appointment to any particular kind *212 of action or relief. It applies to all and every action where property (of any'kind) is the subject. And the express mention of “ rents and profits ” shows that real “ property ” was intended to be included. I do not, therefore, understand that the Supreme Court in the case of Thompson v. Sherrard et'al. (35 Barb., 593) intended to question the power of the court to appoint a receiver of rents and profits pendente lite, in an action for the recovery of real estate, but intended only to deny the propriety and regularity of such appointment in such cases. With all respect for the learned judge who delivered the opinion in that case, I am unable to concur in the decision.
It is said that such an order is “ inconsistent with the nature of the action and the relief sought.” In my opinion the statute has determined that matter, and has declared that the appointment of a receiver is consistent with the nature of such an action. The action is for the recovery of real property alleged to be wrongfully withheld from the plaintiff. And, as an incident to his recovery (if he shall succeed) the law awards him certain moneys, which have been called the damages which plaintiff has sustained by reason of the withholding of his property. But the measure of these damages is as fixed and certain as it would be in a civil action for use and occupation of premises. The statute provides that a plaintiff recovering in ejectment “ shall also be entitled to recover damages for the rents and profits of the premises recovered.” Anfi in case of a separate action for such rents and profits, the statute is; that the “.jury si ;.all assess plaintiff’s damages to the amount of the mesne profits ' 'eceived by the defendant since he entered into possession of the premises.” Now, in this case we have a tenement-house which plaintiff claims to be wrongfully withheld from him by the defendants, and the possession of which he seeks to recover.
The “ rents and profits,” or “ mesne profits,” of those premises are just what those defendants ought to pay for use and occupation during the time of the wrongful withholding. And what they have agreed among themselves to be a fair price for such use and occupation, certainly ought to fix the “ rents and profits ” *213 and “ measure ” of plaintiff’s damages, at least, as- against the defendants themselves. And those rents and profits, at the lowest, the law gives the plaintiff an absolute right to recover, in case he-succeeds. The plaintiff here shows an “apparent right to the property,” and shows that all the defendants are insolvent, and consequently that these “ rents and profits ” to which he is entitled if he recover “ are in danger of being wholly lost.” He brings himself within the express language of the Code; and I see no impropriety in the Court appointing an officer to take and hold these “ mesne profits ” during the litigation, to be eventually paid to the prevailing party. Aside from Wichols, none of the defendants could complain, for it is immaterial to whom they pay, so as they are protected in payment; and Nichols should not be heard to complain, for if he succeed he will take the “rents and profits” from the receiver; while, if he fail, he has no right (being insolvent) to put the plaintiff in peril of losing the “ mesne profits.” The objection as to what is to become of the “ rents ” in the hands of the receiver during the three years in which the defendant (if defeated on the first trial) has to de-i mand another trial, seems to me to have no force. Suppose no receiver is appointed and the plaintiff has a verdict. In such case, if defendant did not at once demand a new trial and stay plaintiff’s proceedings, a writ of possession would issue to put plaintiff in possession. And he would then take and hold the “ rents and profits ” during the subsequent litigation, which would certainly be as bad for the defendant as to have a receiver hold them.
The remaining question in the case is as to the effect of the plaintiff’s application for a receiver of “ rents ” upon his, right of action for a forfeiture.' It is claimed by defendants’ counsel that the plaintiff’s cause of action, being founded solely upon the alleged wrongful act of defendant in subletting these premises, if the plaintiff now, through a receiver, seek to collect and hold the rents agreed to be paid by the subtenants, that would be tantamount to a ratification and enforcement of the subleases, and wholly defeat plaintiff’s cause of action. On the argument, I *214 was strongly impressed with the force of this objection. But subsequent reflection and examination have changed that impression. ■ A party may always waive or abandon a claim or right of action existing in his favor. This may be by express assent, or by implication arising from acts which are wholly irreconcilable with any attempt or proceeding to enforce the right. For example—if the plaintiff here should attempt to compel an assignment to him of the subleases, and, succeeding in that, should attempt to enforce them as valid subsisting contracts as between him and the lessees, this would be such a clear and manifest ratification of the act of subletting as to estop plaintiff from insisting upon any forfeiture of the principal lease, because of the underletting. But such is not the case in this action. The plaintiff is proceeding in a legal manner to enforce his alleged right of forfeiture. He is constantly demanding the possession of these premises, and treating the defendants as wrong-doers for withholding them from him. If he succeed, he is entitled to recover and have the value of the fan-rental of these premises during the time they are withheld from him. This rental is being paid to and received by one of the defendants (Hichols).
As between Hichols and the other defendants, these “ rents and profits ” are moneys due upon a contract as between plaintiff and the defendants; they are “ mesne profits,” which plaintiff (if successful) has a right by law to recover and have as the rental value of the premises while they are withheld from him. And when it is made to appear that these “ rents and profits ” are in danger of being lost or imvpawed, the Code expressly authorizes the Court, on “ application ” of the plaintiff, to take and hold, by its receiver, these “ rents and profits,” for the benefit of the party ultimately entitled. The law gives the party the right to avail himself of both these remedies in the same proceeding—the one being “ provisional,” and the other final.
It would, therefore, in my opinion, be perversion of judgment to hold that the act of pursuing both these remedies was a defeat by waiver of the cause of action.
The order appealed from should be affirmed with costs.