WILLIAM B. GUERNSEY, RESPONDENT, v. DELOSS M. POWERS AND HENRY MEAD, APPELLANTS.

*Receiver of real estate — in what cases appointed.*

In an action to recover the possession of real estate from one in possession thereof under a contract of sale, the court will not appoint a receiver thereof *pendente lite.*

APPEAL from an order made at Special Term appointing a receiver.

In January, 1876, the plaintiff brought this action to recover the possession of real property, consisting of a dwelling-house and lot in Norwich, New York. The defendant Deloss M. Powers is in possession under a contract of purchase from the plaintiff. The defendant Mead is a tenant to whom Powers let a portion of the premises. Upon motion by the plaintiff a receiver was appointed to receive the property described in the complaint, on the ground that it was necessary for the preservation thereof, the affidavits of the plaintiff alleging that the defendants were allowing the taxes to accumulate, as well as the interest upon mortgages upon the land, and that both of the defendants were insolvent.

The defendants appeal from such order.

*D. M. Powers*, for the appellants.

*R. A. Stanton*, for the respondent. While formerly the court had no power to appoint a receiver in an action of ejectment, it being an action at law, the Code has changed that rule and there is no doubt whatever about the jurisdiction and power of the court to grant such relief in an action of ejectment. (*Ireland* v. *Nichols*, 37 How. Pr., 230; 4 Wait's Sup. Ct. Pr., 220; *The People* v. *The Mayor, etc.*, 10 Abb. Pr., 111; *Rogers* v. *Marshall*, 6 Abb. [N. S.], 457; Code, § 244.)

*Per Curiam*:

Section 455 of the Code declaring that the general provisions of the Revised Statutes relating to actions concerning real property should apply to actions brought under the Code, would seem to indicate that no material change in the rights of parties to such actions was contemplated by the new practice.

By those provisions waste might be stayed by order pending the action (2 R. S. [6th ed.], m. p., 336, § 13), and *after judgment* the rents and profits might be recovered. (2 R. S., 310, § 36.) The plaintiff in this action does not claim that a receiver could have been appointed under the old practice pending the action.

The very general language of section 244 of the Code should be construed with reference to familiar and well settled doctrines of law which existed before the enactment.

We think the views stated in *Thompson* v. *Sherrard* (35 Barb., 593) are sound and should be followed. The case of *Ireland* v. *Nichols* (37 How., 222) was peculiar. Even if that case was, under the circumstances, correctly decided, it should not be followed in cases like the present. There are many evils which would arise from the practice of taking the defendant's real estate away from him pending the action.

The order should be reversed, with ten dollars costs and disbursements.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order reversed with ten dollars costs and printing, and motion denied with ten dollars costs.