Burdell agt. Burdell.

## SUPREME COURT.

HARRIET B. BURDELL agt. ROBERT H. BURDELL and another.

*Receiver — action of ejectment.*

In an action of ejectment a receiver cannot be appointed before judgment.

*Special Term, October,* 1877.

APPLICATION by plaintiff for receiver in an action of eject-ment before judgment.

*Mr. Fullerton,* for plaintiff.

*Mr.* ——————, for defendant.

WESTBROOK, *J.* — Examination of the question which this motion involves has satisfied me that the opinion expressed upon the argument, that the relief asked for could not be granted, was correct.

*Guernesey* agt. *Mead* (9 *Hun,* 78) is directly in point. In that case, as in this, it was shown. "that the defendants were allowing the taxes to accumulate, as well as the interest upon mortgages upon land, and that both of the defendants were insolvent." The court, however, held section 244 of the Code, upon which the plaintiff relies, must be construed in connection with the Revised Statutes, which, by section 455 of the same Code, are made applicable to actions concerning real property, and that, therefore, the receiver could not be appointed before judgment.

Burdell agt. Burdell.

The case just referred to followed that of *Thompson* agt. *Sherrard* (35 *Barbour*, 593), which is also directly in point.

To grant the relief asked for, the special term would over-rule two express general term decisions, one in the first department, and another in the third, and so to do would be a stretch of power most unwarranted.

*Ireland* agt. *Nichols* (37 *Howard*, 222) is a decision of the superior court, and though entitled to respectful consideration, it should not control as against two general term cases in this court.

The motion must be denied.