Lawrence, J.
I do not see on what principle it can be claimed that a receiver should be appointed in this case. The action' is brought to set aside a certain conveyance of real estate, made by one Margaret McCool, now deceased, to her daughter. Mary E. McCool, afterwards Mrs. McNamara, which was subsequently conveyed by Mrs. McNamara to a third party, and by that party to her husband, it being alleged in the complaint that the deed made by Margaret McCool to her daughter was made as a trust deed only. *345 Margaret McCool died January 8, 1883, and it would appear from the papers that her daughter, upon her death, took possession of the premises, and on December 31, 1885, conveyed them to Dwyer, who, on the same day, conveyed them to her husband.
The record title in the defendant McNamara is therefore complete, and the length of time which has elapsed between the death of Margaret McCool and the making of this application goes far to show that the deed referred to was not in trust, but an absolute deed. However that may bo, as I stated upon the argument, to appoint a receiver on motion would be equivalent to issuing execution before obtaining judgment. The presumptions are all in favor of the party in possession, and he ought not to be deprived of the fruits of that possession until upon trial it has been adjudged that his title is invalid. It is hardly necessary, it seems to me, to cite authorities, but the case' of Thompson v. Sherrard (12 Abb. Pr. 427), decided by the General Term of this department in September, 1861, is peculiarly in point. The court there hold that in an action to recover possession of real property and damages for the wrongful detention thereof, it is not regular or proper to appoint a receiver of the rents and profits of the property in controversy.
Motion denied, with costs.