RICHARD R. LA BAU AND OTHERS, INFANTS, BY ALVIN GRAFF, THEIR GUARDIAN, RESPONDENTS, *v.* FRANK HUET-WOHL, APPELLANT, AND OTHERS.

*Receiver — not appointed in ejectment.*

Where one is personally in possession of premises under a contract for the sale thereof, the court will not, in an action to recover possession of said premises, appoint a receiver *pendente lite.*

APPEAL by the defendant, Frank Huetwohl, from an order entered in the clerk's office of Kings county on the 3d day of April, 1891, appointing William Hughes a receiver of the rents, issues and profits of the premises described in the complaint during the pendency of the action.

*Carpenter & Roderick,* for the appellant.

*Peck & Field,* for the respondents.

DYKMAN, J. :

This is an action of ejectment, and the defendant is in possession of the premises, under a contract to purchase the same. He occupies a portion of the dwelling-house, and has rented other portions thereof to two tenants. He has expended money in repairs and improvements upon the premises.

After this action was commenced the plaintiffs made an application to the court for the appointment of a receiver of the rents of the property, and the motion was granted and the defendant appealed from the order.

So far as the equities between the parties are involved the defendant occupies the position of advantage. He made an honest contract

for the purchase of the premises, and paid some money in the full belief that he could obtain a perfect title, and went into possession and made improvements under the influence of the same belief.

If, therefore, he can now reimburse himself for his outlay, it is equitable and just that he should be permitted to do so by the use of the property, pending the suit for its recovery. Our decision, however, is placed upon other grounds.

The case of *Thompson* v. *Sherrard* (35 Barb., 593), was very similar to this. The action was ejectment for the recovery of real property. The defendant Robert Sherrard was in the occupation of a certain portion of the house, and the other defendants occupied other portions of the house and paid rent to Sherrard.

A receiver of the rents was appointed at the Special Term in that case as in this, and, upon appeal to the General Term, the order was there reversed and the court held the appointment of a receiver to be improper and inconsistent with the nature of the action and the relief sought. That decision was followed in the subsequent cases of *Guernsey* v. *Powers* (9 Hun, 78), and *Burdell* v. *Burdell* (54 How., 91).

The law will not take the property of a defendant from him pending an action for its recovery; and that wise and salutary rule would be violated if a receiver could be appointed to take the rents. Even in an action to foreclose a mortgage on land a receiver is not appointed where the defendant is personally in the occupation of the premises.

Our conclusion is that the order should be reversed, with ten dollars costs and disbursements.

BARNARD, P. J., and PRATT, J., concurred.

Order reversed, with costs and disbursements.