The People of the State of New York, Respondent, v. Charles Miceli, Appellant.— Judgment of conviction of the County Court of Nassau county unanimously affirmed. No opinion. Present — Lazansky, P. J., Rich, Hagarty, Carswell and Scudder, JJ.

James Reilly, Respondent, v. Michael Paris, Appellant.— Order granting a preference affirmed, with ten dollars costs and disbursements. No opinion. Kapper, Hagarty, Seeger, Carswell and Scudder, JJ., concur.

Max Schildkraut, Respondent, v. Nathan Mentcher, Defendant. "John", Flier and "John" Balaban, First Names Unknown to Plaintiff, Appellants.— Order directing payment of monthly rental during pendency of action reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The court was without authority to make the order herein. (La Bau v. Huetwohl, 60 Hun, 407.) Kapper, Hagarty, Seeger, Carswell and Scudder, JJ., concur.

Owen J. Ward, as Administrator of the Goods, Chattels and Credits of Cornelius Ward, Deceased, Respondent, v. William Greenberg, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Hagarty, Carswell and Scudder, JJ.

Washington Mortgage Corporation, Respondent, v. Samuel L. Rhonheimer and Others, Appellants, and Camnix Holding Corporation, and Others, Defendants.— Order denying motion to vacate foreclosure sale and to direct a new sale reversed upon the law and the facts, with ten dollars costs and disbursements, motion granted, with ten dollars costs, and a resale ordered. The sale subject to conditional bills of sale and a chattel mortgage, without a statement as to the amount of such liens, was unauthorized. (Mullins v. Franz, 162 App. Div. 316.) Kapper, Hagarty, Seeger, Carswell and Scudder, JJ., concur.

Henry Weisman, Respondent, v. Executives Holding Corporation, Appellant.*— Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs. The plaintiff did not establish that the plot herein could not be used for a lumber yard by reason of the language of the restrictions contained in the deed attached to the contract and made a part thereof, and he did not sustain the burden of proof of establishing that the proposed use would be offensive to the neighboring inhabitants in view of the character of the uses to which the neighboring parcels were being put, one, among others, being a fertilizer factory, with the parcel itself abutting a railroad. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Rich, Hagarty, Carswell and Scudder, JJ., concur. Settle order on notice.

James S. Woods, Respondent, v. Brooklyn Edison Company, Inc., Appellant, and Annie Fischer and Louis Fischer, Respondents.— Judgment, as amended, and order denying motion for a new trial unanimously affirmed, with costs. The evidence supports the verdict against appellant and the jury's finding in favor of defendants Fischer was fully permitted by the testimony. These conclusions render unnecessary a determination of the application and effect of section 211-a of the Civil Practice Act.█ Present — Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ.

* Affd., 252 N. Y. 626.