1060

LOUIS A. STEPPELLO, Plaintiff, *v.* FRED A. VOLL and Others, Defendants.

Supreme Court, Oneida County, September 6, 1939.

*William R. Goldbas,* for the plaintiff.

*Salvador J. Capecelatro,* for the defendants Fred A. Voll and Leonard Nunno.

KIMBALL, J. The plaintiff has brought an action in ejectment against the defendants, alleging his right to the immediate possession of certain real property. He alleges that the defendant Voll entered upon the property and continues to withhold possession thereof unlawfully. He alleges that defendants Nunno and Doe are in occupation of the premises as tenants of defendant Voll. He demands judgment for possession and damages for withholding possession.

The defendants Voll and Nunno have interposed an answer by which they admit that the plaintiff is the record owner and deny the other allegations of the complaint. They set up as an affirmative defense a land contract made between the plaintiff and the defendant Voll by the terms of which Voll was to purchase the property, and that he paid $400 on account of the purchase price and that the defendants entered into possession of the premises with the knowledge and consent of the plaintiff. They allege that since they took possession they have improved and repaired the property to the fair and reasonable value of $150. They allege mutual mistake and fraud on the part of the plaintiff in the making

of the contract. The answer demands dismissal of the complaint; that the contract be reformed; that the interest of the defendants be determined and that defendants recover certain damages.

The plaintiff has now moved for the appointment of a receiver of the rents and profits of the real property involved. The plaintiff's moving affidavit alleges the making of the contract and the payment of the $400 by the defendant Voll. It alleges the failure of the defendant to perform the contract.

It would seem that the plaintiff might have difficulty in maintaining an action in ejectment under the circumstances. It is clear that the defendant Voll has a land contract for the purchase of the property upon which he has made a substantial payment. If the contract, as it stands, is the agreement of the parties, the defendant Voll _ the equitable owner. The thought occurs that the plaintiff might bring an action for specific performance of the contract or, if the defendant is in default in payment, he could foreclose.

His action, however, is in ejectment. That being so, he is not entitled to the appointment of a receiver. There is nothing before me to show that the property in question will be removed beyond the jurisdiction of the court, or lost, materially injured or destroyed. (Civ. Prac. Act, § 974.) No waste or damage to the property is alleged, and, if it were, the plaintiff has his remedy._ (Civ. Prac. Act, § 981.) In this action in ejectment the plaintiff, if successful, may recover damages for withholding the property, including the rents and profits or the value of the use and occupation. (Civ. Prac. Act, § 990.) No claim is made by the plaintiff that the defendants are insolvent nor are there alleged to be any special equitable reasons entitling the plaintiff to the rents and profits as such.

While it may be that the court has the inherent power to appoint a receiver in an action in ejectment where there appear to be strong equitable reasons for so doing, yet the general rule in this State is that such an appointment is inconsistent with the nature of the action and is improper.

In *La Bau* v. *Huetwohl* (60 Hun, 407 [Gen. Term, 2d Dept. 1891]) the court reversed an order appointing a receiver of the rents. It cited as authority for so doing *Thompson* v. *Sherrard* (35 Barb. 593); *Guernsey* v. *Powers* (9 Hun, 78), and *Burdell* v. *Burdell* (54 How. Pr. 91). The facts in the *La Bau* case were quite similar to those here presented. The court in that case said: ",The law will not take the property of a defendant from him pending an action for its recovery, and that wise and salutary rule

would be violated if a receiver could be appointed to take the rents." (See, also, 2 Wait's N. Y. Practice [4th ed.], p. 609.)

Undoubtedly the defendant Voll has certain equities in the property by reason of his payment of $400 upon the purchase price and alleged improvements of $150. The amount of the down payment on the contract by the defendant Voll apparently exceeds the alleged amount of damages for the withholding of possession. For this reason, also, a receivership should be denied. (*Rappaport* v. *Otten*, 135 App. Div. 386.)

The motion is denied, with ten dollars costs, and an order may be taken accordingly.