## SUPERIOR COURT.

JAMES T. DUIGAN, respondent agt. ROBERT HOGAN, appellant.

By the terms of *section 47 of title* 10, *chapter* 8, *part* 3 *of the Revised Statutes*, in an application for the dispossession of a *tenant*, upon certain specified allegations, the *landlord* may require that the tenant be summarily removed. The tenant may interpose certain specific grounds of resistance. The issues made between them shall be tried by a jury. Upon a determination in favor of the landlord, he shall be put in possession; and neither by writ of *certiorari*, (although the proceedings *may be reviewed by certiorari*,) nor by any other writ or order of any court or officer, (by injunction or otherwise,) shall the *proceedings be stayed.*

There is no inconsistency between section 219 of the Code and the said 47th section of the Revised Statutes. The Code provides, that where a case is made upon which, by existing laws, the plaintiff will be entitled to an injunction, he may have an injunction *pendente lite.* And by the 47th section of the Revised Statutes, the court are in substance forbidden to grant an injunction staying the proceedings arising under that act.

In this case, it appeared that a warrant of dispossession had been issued in favor of the landlord against the tenant by the magistrate after a trial by jury, on proceedings instituted by the tenant, and a judgment in the landlord's favor.

The tenant brought his action against the landlord, and in his complaint prayed that the performance of the *covenant to repair* be adjudged a condition precedent to the defendant's right to rent, or to institute proceedings to dispossess; that the expenses to which the tenant had been subjected, be adjudged payment of the rent; and that he have judgment for the damages sustained by the landlord's neglect to repair; that the landlord be directed to put the premises in repair, &c.; and that in the meantime the landlord be restrained by injunction from taking any warrant to dispossess the plaintiff, &c.

Duigan agt. Hogan.

*Held,* that the plaintiff had mistaken his remedy; he should have paid his rent, and if he had a just claim against the defendant, sue and collect it; there was nothing new in this course.

*General Term, May,* 1858.

*Before* BOSWORTH, HOFFMAN, SLOSSON, WOODRUFF *and* PIERREPONT, *Justices.*

APPEAL from order at special term granting an injunction.

The complaint of the plaintiff, fortified by affidavits on his behalf, represented in substance, that the defendant leased thirteen dwelling-houses, then out of repair, to the plaintiff, and covenanted that he would put them in complete repair; that the defendant neglected and refused to make such repairs, and that the plaintiff had sustained great damage thereby, and had been himself put to expense in making repairs that were necessary; that the making of such repairs was a condition precedent to the defendant's right to claim any rent; that the plaintiff was entitled to apply such expenses on account of the rent, and to be allowed such damages in extinguishment of the rent which had accrued; that the defendant, nevertheless, upon the allegation that the rent for the quarter ending the first of April last, was in arrear and unpaid, had instituted proceedings under the act authorizing summary proceedings for the dispossession of a tenant holding over after non-payment of rent, before a magistrate, who refused to permit the said matters to be given in evidence, and on the trial gave judgment that the plaintiff be dispossessed; and the defendant threatens to apply for, and the justice threatens to issue a warrant to put the landlord in possession of the demised premises. The complaint prays that the performance of the covenant to repair be adjudged a condition precedent to the defendant's right to rent, or to institute proceedings to dispossess; that the expenses to which the plaintiff has been subjected, be adjudged payment of the rent, and that he have judgment for the damages sustained by the defendant's neglect to repair; that the defendant be directed by the judgment to put the premises in repair, &c.; and that in the meantime the defendant be

restrained by injunction, from taking any warrant to dispossess the plaintiff, &c.

The answer of the defendant showed that a warrant for the dispossession of the plaintiff had been actually issued to put the defendant in the possession of the demised premises, and was already in the hands of the constable for execution; that it was issued by the magistrate after a trial by jury, in the proceedings instituted by the defendant, and after a full hearing upon the matters in controversy in those proceedings, and a judgment in the defendant's favor therein.

The answer further denied the several allegations in the complaint, upon which the claim of the plaintiff to be allowed for expenses and damages, by reason of the alleged want of repairs was founded; avers that the defendant performed his agreement by putting the premises in repair according to the terms of the lease, &c. The answer was also corroborated by affidavits annexed, on behalf of the defendant.

Upon an order to show cause, an order was made at special term, that upon condition that the plaintiff deposit the amount of rent in arrear, to abide the event of this action, with a further amount to cover any costs which may be awarded to the defendant, the defendant be enjoined from issuing or serving any warrant to dispossess the plaintiff, or taking any other proceedings to dispossess him of the demised premises.

From this order the defendant appealed to the general term.

NELSON SMITH, *for appellant.*
JOHN W. ASHMEAD, *for respondent.*

By the court—WOODRUFF, Justice. By the plain terms of the 47th section, [now 48th section,] of title tenth of chapter 8th, part 3d of the Revised Statutes, proceedings on an application for the dispossession of a tenant under that title, may not be stayed by the writ or order of any court or officer.

The legislature, in granting the remedy furnished by that title, have prescribed with entire precision, what allegations

Duigan agt. Hogan.

must be made on behalf of the landlord, and what issues the tenant shall be permitted to take and submit to the determina tion of the jury. If those issues are found by the jury against the tenant, the magistrate is imperatively required to issue his warrant to put the landlord in possession.

It is wholly unnecessary for us to inquire what considerations induced the legislature to give the landlords this summary mode of obtaining possession of demised premises, or why they have not enlarged the grounds of resistance or defence which the tenant might interpose to defeat the application. It is enough that it is so enacted, and when the legislature have given a specific defence, and have allowed no other, it is not for any court to say that although no fraud has been practiced, and the tenant has had all the benefit of a fair trial, which the statute has provided for him, there are yet other defences, which had the legislature permitted him to use them, might or ought to have availed him, and upon such conclusion to repeal the statute, and restrain the landlord of his express statute redress.

And again, the statute has prescribed a specific mode of reviewing the proceedings had before the magistrate by certiorari to the supreme court, but their intention that the parties should be permitted to act on the presumption that a determination in favor of the landlord, is according to the right of the matter, and their purpose to make the proceedings in fact what they are in name, *summary*, is shown in their declaring that the proceedings to dispossess shall not be stayed by such certiorari. No allegation of error shall, therefore, prevent the execution of the warrant, even while a review is taking place which may vacate the whole proceedings.

To this is then added the provision for the recovery of damages by the tenant, by reason of the proceedings, in case they shall be reversed or quashed by the supreme court. And finally, no writ or order of any court or officer, shall stay or suspend the proceedings thus authorized. The whole scheme of the statute is this : Upon certain specified allegations, the landlord may require that the tenant be summarily removed.

The tenant may interpose certain specific grounds of resistance. The issues made between them shall be tried by a jury. Upon a determination in favor of the landlord, he shall be put into possession. And neither by writ of certiorari, nor by any other writ or order of any court or officer, shall the proceedings be stayed. The proceedings may, nevertheless, be reviewed, in a manner prescribed, and if reversed or quashed, the tenant shall be entitled to recover his damages sustained by the proceedings, with costs.

Here is a complete system or scheme, which the legislature thought wise in policy, just in its operation, and if in any case harsh in its effect, still a lesser evil than to permit landlords to be kept out of possession during any protracted litigation into which the tenants might find means to involve them. Although it was not claimed on the argument that this court may, in the face of this statute, and contrary to the provisions of the 47th section, enjoin the landlord, who has succeeded on the trial before the magistrate, and obtained a warrant directing the officer to put him in possession of the demised premises, it is claimed that this statute is modified, and this 47th section is in substance repealed by the liberal provisions of the Code, which confer upon the courts the power to grant injunctions, and section 219 of the Code is referred to, as producing this change.

Section 471 of the Code provides, that the second part of that article, in which the 219th section is found, shall not affect any proceedings under certain specified chapters and titles of the Revised Statutes, of which chapter 8th of the third part is one, except that where any particular provisions of those chapters and titles are plainly inconsistent with the Code, such provisions shall be deemed repealed.

It is therefore obvious, that unless section 219 is plainly inconsistent with the section 47 of the Revised Statutes above referred to, then that section is in full force, and we have no power to enjoin the landlord in the present case. The section of the Code referred to (219) relates solely to temporary injunctions or injunctions *pendente lite*, and the very first condition

Duigan agt. Hogan.

upon which the court is permitted to grant a temporary injunction is, that it shall appear by the complaint, that the plaintiff is entitled to the relief demanded, i. e., if the court can see that if the plaintiff finally establishes the facts he alleges, he will be entitled to the relief demanded, and such relief consists in whole or in part in restraining some act which would produce injury to the plaintiff, then a temporary injunction may be granted. And it necessarily follows that if we can see that on a final hearing, no such injunction can be granted upon the facts alleged, then section 219 does not warrant a temporary injunction.

Whether if the proofs were now all before the court, and the plaintiff had proved the facts alleged, a perpetual injunction could issue, is, therefore, a question which the plaintiff must answer affirmatively before he can ask anything under section 219, which otherwise has no application whatever to his case. That section cannot be invoked to show that on a final decree an injunction may be granted, because it only applies to temporary injunctions. And no section of the Code, nor any other statute, authorizes any court on a final hearing to grant a perpetual stay of proceedings after a warrant has been issued, or to suspend the execution of the warrant in such proceedings between a landlord and his tenant, holding over without paying his rent, and the section 47 already mentioned expressly forbids it. A case is not made, therefore, to which section 219 can apply, because it does not appear by the complaint that the facts, if all that is alleged should be proved, will warrant the court at a final hearing, in granting an injunction.

There is, therefore, no inconsistency between section 219 of the Code, and section 47 of the Revised Statutes. The Code provides, that where a case is made upon which, by existing laws, the plaintiff will be entitled to an injunction, he may have an injunction *pendente lite*. By section 47, the court are in substance forbidden to grant the injunction sought in this case. The necessary consequence is, the case for a temporary injunction contemplated by section 219, is not made out. We

are, therefore, clear that there is no inconsistency between the Code and the provisions of the statute under consideration, and that the 47th section of the statute is in full force.

It has seemed advisable to express ourselves distinctly on this point, in order that the view of this court may be understood in the apparent conflict of decision which has been exhibited on this question. (*Smith* agt. *Moffat*, 1 *Barb. S. C. R.* 65; *Cure* agt. *Crawford*, 5 *Howard Rep.* 293; *Woodworth* agt. *Lyon*, id. 163; *Valletson* agt. *Seynett*, 2 *Abbott's R.* 121; *Hyatt* agt. *Burr*, 8 *Howard R.* 168; *Capet* agt. *Parker*, 3 *Sand. R.* 662.)

These views do not necessarily conflict with the case of *Forrester* agt. *Wilson*, (1 *Duer R.* 624.) The power of the court of chancery under its peculiar jurisdiction to protect a party against fraud, even when such fraud is attempted under the cover of a statutory proceeding, is not involved in the case now before us. The facts in that case do not appear in the report, but I am informed by my brethren, that there the proceedings were taken before a magistrate at a distance of several miles from the premises; that the utmost dispatch was barely sufficient to enable the tenant to reach the place of trial; that although he used all reasonable diligence to arrive in season, and took with him the money to pay the rent and prevent the issuing of the warrant, travelling by the cars, he arrived just as the warrant was signed and delivered, and a moment too late to make the payment. This was deemed sufficient reason for interference, on the ground of undue advantage, fraud or surprise.

Here there is no pretence of fraud or surprise. The tenant claimed that he ought not to pay rent, because the landlord had broken his covenant to repair, and the tenant was entitled to damages. Now, this claim was a defence to the summary proceedings or it was not. If it was, and the magistrate erred in rejecting it, his error may be corrected by a proper review of the proceedings. If it was not a defence, then we can only say that the legislature have practically said, that the landlord shall be permitted to recover possession if the rent is not paid,

and a warrant of dispossession be obtained, notwithstanding such claim for damages, and without being subjected to the delay of a litigation respecting such claim.

Again; if we were at liberty to consider this question under the general rules of equity, it would be obvious to remark, it is a novel view of the power and duty of a court of equity, to suggest that when the legislature have said that certain facts shall defeat these summary proceedings, and if they are not established the landlord shall have possession, yet a court of equity may say that certain other facts shall avail as a defence and defeat the statute. For example, if it be conceded that the statute does not permit the tenant in this proceeding to set off against the rent a claim due to himself, a clear legal defence to an action for the rent, but not an extinguishment or payment of the rent, shall a court of equity say that because the legislature have not made that defence, we will? Or what is practically sought of us, although the legislature have in substance, by not allowing, *prohibited* the tenant from setting up any such claim as a ground for retaining the possession, we, a court of equity, will permit it, and the very prohibition in the statute shall be the reason for our doing so. And as already remarked, if such set-off be a defence and the magistrate errs in rejecting it, the remedy of the tenant is by a review of his proceedings.

Still further, if the subject were open for inquiry, upon principle, we should say that the plaintiff has ample remedy without the aid of this court. There is no pretence that the landlord is insolvent. All that the tenant had to do for the preservation of his rights was to pay his rent, and if he had any just claim against his landlord, sue him and recover all that is due. There is nothing new in this. Prior to our recent amalgamation of actions and defences, it was a most common occurrence for a defendant to be sued upon a cause of action to which he had no legal defence, although he had also a cause of action against the plaintiff, which might be of far greater magnitude. Cross actions were necessary. And a familiar example is suggested by the case, similar to that be-

fore us, when it is recollected that a breach of a covenant to keep in repair, was no defence to an action of debt for rent. And yet, who ever heard of a court of equity interfering in such a case where there was no defence of insolvency, on the ground that if a plaintiff was not enjoined, he might obtain judgment and execution, and collect his claim before the defendant in his cross action could obtain judgment?

In every view of this subject, we think the plaintiff here has mistaken his remedy, he should have paid his rent, and if he have a just claim against the defendant sue and collect it. We have deemed it proper thus to express our views respecting the power of the court in such cases, and the want of any justifiable ground for our interference in the facts stated in the complaint, notwithstanding the present case might, we think, be disposed of on another ground, viz: that the case made by the complaint is fully met by the answer. The whole equity of the bill is denied. All that results from the addition of affidavits to the bill and answer respectively, is that the witnesses differ in their statements, as widely as the parties do themselves, and all idea of irreparable injury is already disposed of. If the plaintiff has chosen to lose the opportunity to pay his rent, that is his own neglect. That and the probable consequent loss of his term, result not from any necessity of the case, not from his being unable to prevent irreparable loss, but from his allowing the time and opportunity to pay his rent, and save his term, to pass by.

I am authorized to say, that the order appealed from, was made in part with a view to save the possession to the tenant until this case could be considered on the appeal, which it was understood would be taken to the general term. And that the justice by whom the order was made, concurs with all the members of the court by whom the argument was heard, in holding that the order must be reversed.

Order reversed, costs on appeal $10, and on the motion below, to abide the event of the suit.