## N. Y. SUPERIOR COURT.

PAULINA AARON agt. MAYER BAUM and another.

° The interposition of a court of equity to restrain *summary proceedings* has never been invoked except by a tenant or other *party to the proceedings*, and then only on the ground of fraud or surprise, or of some equitable title that could not be set up at law.

A stranger, that is, not a party to the proceedings, cannot obtain an injunction upon the allegation merely, that he is in danger of having his *possession disturbed*. (*This argrees with Marry* agt. *James*, *ante*, *p*. 52.)

*Special Term, March,* 1868.

THIS action was brought to obtain an injunction to restrain the prosecution of summary proceedings under the landlord and tenant act. Proceedings under such act were instituted before the city judge by the above defendants, claiming to be landlords of the premises known as No. 30 Oliver street, in this city, against one Levi Aaron. Pending such proceedings, the plaintiff commenced an action in this court against these defendants, praying for an injunction restraining the further prosecution of such proceedings and a temporary injunction was granted.

The action was tried without a jury. On the trial it appeared that the plaintiff and one Henzler were lessees of the premises under a former owner, and were in possession, claiming under such lease. When the defendants purchased the premises, they found the lease to the plaintiff and Henzler on record, and being informed that Levi Aaron was the lessee, they delivered to him a new lease. The summary proceedings were against him as the tenant, and the plaintiff was not a party.

S. HIRSCH, *for plaintiff*.
J. HENDERSON, *for defendants*.

MONELL, J. I am warranted by the evidence in this case in finding all the facts necessary to establish that the plaintiff is entitled to hold the possession of the premises in question under the lease from Rauth to Aaron and Henzler. I am satisfied that such lease has never, in fact or by operation of law, been canceled or surendered; and that therefore the plaintiffs holding under it, cannot lawfully be disturbed in or by any proceeding to recover the possession of the premises, instituted by the defendants against her husband, or in any proceeding to which she is not a party.

I have found that the lease from Rauth was to the plaintiff and Henzler, and that the plaintiff now holds under such lease. The weight of the evidence is, that she and Henzler were partners, and her husband, was merely her agent in and about her business of a weiss brewery; that he had no authority, express or implied, to cancel or surrender the lease; that it never was canceled or surrendered, but was in existence at the trial of this action, and that the plaintiff holds the possession of the premises under it.

The defendants, who purchased the reversion after the lease was recorded, took title subject to such lease; hence the lease to Levi Aaron, the plaintiff's husband, was inoperative to defeat the plaintiff's right to the possession. Nor is the plaintiff estopped from asserting her title by anything which occurred between Levi Aaron and the defendants. He had no express or implied authority to cancel the lease or surrender the possession of the premises, or to do any act or thing which would operate as an ,estoppel upon the plaintiff. It follows from these facts, that the plaintiff has a clear and undoubted right to the possession of the premises, and that any disturbance of such possession, either of herself or of her tenants, by or under the summary proceedings instituted against Levi Aaron, would be an unwarrantable trespass.

But with all this right on the plaintiff's side, I have not

been able to find any sufficient ground to authorize the continuance of the injunction.

The interposition of a court of equity to restrain summary proceedings has never, that I am aware of, been invoked except by a tenant or other party to the proceedings, and then only on the ground of fraud or surprise or of some equitable title that could not be set up at law (*Duigan* agt. *Hogan*, 1 *Bosw.*, 645). I do not know of a case, nor can I conceive of one, where a stranger, *i. e.* not a party to the proceedings, can obtain an injunction upon the allegation merely, that he is in danger of having his possession disturbed. His notice of the institution of the proceedings is not of any consequence. He has no right to appear, nor can he make any defense; but that of itself is not enough to warrant an injunction. I do not see, therefore, that the plaintiff occupies any different or worse position, than any person who is in danger of having a trespass committed upon his property or rights, and for such she has adequate remedies at law.

If upon the dissolution of the injunction a warrant should be issued, and upon its execution the plaintiff should be removed from her possession, the courts will afford her all the redress she may be entitled to, but the threatened injury is not of that irreparable nature that requires an injunction to restrain its commission.

There must be judgment dissolving the injunction and dismissing the complaint, but without costs.