## NEW YORK COMMON PLEAS.

### OWEN MARRY agt. FREDRICK P. JAMES & EDWARD D. JAMES.

A *landlord* is not entitled to an *injunction* to restrain *summary proceedings* instituted against his tenants, by another person claiming to be the owner of the lease of the same premises, where the landlord is not made a party to such summary proceedings.

And it does not make the case any stronger for the landlord that he requires the testimony of the city judge, before whom the summary proceedings are pending, as a witness; where the principal object of such testimony appears to be to contradict or shake the credibility of a party prosecuting the summary proceedings by the production of certain affidavits of such party, filed with the city judge in a former proceeding.

The *City Judge* of New York has equal jurisdiction with the Recorder of summary proceedings to recover the possession of land.

*General Term, February,* 1869.

The facts are sufficiently stated in the opinion.

E. D. JAMES, *appellant in person.*

F. B. H. BRYAN, *for respondent.*

*By the court,* BARRETT, J.   It is difficult upon the papers submitted, to ascertain the precise point presented by this appeal, and our labors would have been greatly aided and doubtless abbreviated by an oral argument.   The difficulty to which I refer will be best illustrated by a brief reference to the salient facts and to the present posture of the case itself.   The plaintiff avers that he is the owner of a valuable lease of the premises No. 111 West twenty-ninth street, in this city, and that certain persons, whose names are unimportant for the purposes of this dicussion, occupy the premises as his tenants.   The general title to the premises, as well as the manner in which the plaintiff acquired the lease and became landlord of the persons in possession is also set out, but it will not be necessary to refer to it.   The charge

in brief is, that the defendants, confederating together to obtain possession of the premises, have fraudulently concocted an apparent, but really sham title, which now vests in the defendant, Frederick P. James.    The various links in the formation of this alleged fraudulent chain of title are set forth, and the plaintiff then avers that, as a part of the scheme, the defendant, E. D. James, acting as the agent of F. P. James, has instituted summary proceedings before the city judge, for the purpose of ejecting the plaintiff's tenants, untruly alleging therein that F. P. James rented the premises to certain persons named Jackson, Denniston, Waugh and Teller, who on their part have sublet to the plaintiff's tenants, " so as," to quote the language of the complaint, "to draw the legal relation by derivation of landlord and tenant between him, the said F. P. James, and the said tenants of him, the said plaintiff."    The plaintiff is not made a party to these proceedings, but his tenants have appeared therein, and deny that they rented from James' alleged tenants, or that they know any landlord save the plaintiff.    It is further stated that proceedings of a similar character had been previously instituted by E. D. James before the city judge, wherein his preliminary affidavits were contradictory, and that the city judge is a necessary witness for the plaintiff's tenants in the proceeding now sought to be enjoined, for the purpose of producing his records and proving these affidavits; and it is charged that the proceedings in question were instituted before the city judge for the inequitable purpose of depriving the plaintiff's tenants of the benefit of that officer's testimony.    Upon substantially these averments the plaintiff prays that the summary proceedings in question may be restrained, and that the defendants may be enjoined from instituting any proceedings tending to disturb the possession of the plaintiff and his tenants, other than a regular action of ejectment.

It is evident that judge BRADY, who granted the injunction, did not consider the plaintiff entitled to such sweeping re-

lief, as his order expressly reserved to the defendants the right to institute summary proceedings before the justice of the district court, within whose jurisdiction the premises were situated. Why this permission was not extended so as to include the other officers—the mayor, recorder and justices of the marine court—upon whom jurisdiction in these proceedings is conferred, does not appear, but the fact that such proceedings were permitted at all, shows that the injunction was aimed solely at the particular proceeding then pending, and that the facts were deemed insufficient to warrant the general injunction prayed for. In that opinion I entirely concur, for reasons to which I will presently avert; but I go further, and, after careful consideration, I think the facts were insufficient to support even the limited injunction granted.

In the aspect of the case upon which this particular proceeding and that alone was restrained, the equity of the complaint consists simply in the averments respecting the testimony of the city judge. Now, how is the plaintiff prejudiced by the inability of his tenants to procure that testimony? He is neither a party to the proceedings, nor in any legal sense privy to them. Neither his title nor James' can be tried therein. If the relation of landlord and tenant really exists by agreement between himself and these tenants, it cannot be disturbed by a proceeding in which the only issues are whether that same relation exists by agreement between other and distinct persons, and whether these tenants in occupation have (illegally, if, as the plaintiff states, they are really his tenants) attorned to any such other persons. These tenants can only be disturbed by James in case they have, in violation of their duty to the plaintiff, assumed the position, by express agreement, and not by mere operation of law, of subtenants of James' alleged tenants. The proceeding being based, therefore, upon the existence of an agreement which, if entered into, was a practical denial of the plaintiff's title, and upon alleged

facts, with which neither the plaintiff nor his assigns are in any wise connected, this action cannot be sustained on the ground of the landlord's duty to protect his tenants in the quiet enjoyment of the demised premises. The plaintiff, therefore, really has no interest in the summary proceedings. They cannot affect the relations subsisting between the tenants and himself, and should they even result favorably to James, and thus enable him to acquire actual possession—a most unlikely contingency upon the facts before us—still, as against the plaintiff, he would, if devoid of title, be as much a mere trespasser as though, without any proceeding, the premises had been collusively abandoned to him by the plaintiff's tenants. It is for the tenants therefore, (for they alone are interested in the proceedings), to complain if unjustly deprived of testimony. The result, however, would have been the same if the action had been instituted by the tenants.

A very strong case should, in my judgment, be presented to justify a court of equity in restraining, upon such grounds, the exercise of legitimate functions. Otherwise, any judge may be ousted of his lawful jurisdiction, by a loose affidavit, claiming generally, upon the advice of counsel, that he is a necessary and material witness for one side or the other. The utmost that can be gleaned from the plaintiff's complaint and affidavits is, that the city judge may, by producing the records of the previous proceedings, shake the credibility of E. D. James. Surely this does not make the city judge " a necessary and material witness for the plaintiff's tenants, without the benefit of whose testimony they cannot safely proceed to trial." Ought we, from that slight circumstance, prevent the exercise of a lawful jurisdiction? We are not even assured that E. D. James will be a witness in those proceedings, nor that his testimony is likely to affect the result, nor that the plaintiff has ineffectually requested, either the judge to have these previous affidavits before him at the trial, or his adversary to admit

them. · There is nothing but the bald fact that the judge has in his posession certain records, in which are embodied affidavits made by E. D. James, conflicting in respect to the alleged term of hiring with each other and with that upon which these last proceedings are founded. It appears also by the plaintiff's own papers that the tenants have it in their power, not only to contradict, but actually to impeach the witness in question; and thus the testimony upon the alleged deprivation of which the equity of the complaint rests, will probably be merely cumulative. The interference claimed should be most sparingly exercised, and only upon facts, the extreme opposite in strength and importance of the exceedingly slight averments here presented. It should, in fact, be made to appear, clearly and unmistakably, that the judicial testimony is not of itself privileged, and that its absence would involve a complete denial of justice.

This disposes of what I understand, from the nature of the injunction granted, to be the real question argued at special term, but as the motion to dissolve may possibly have been denied upon the ground that the plaintiff was entitled to a general restraint of any summary proceedings whatever, it becomes necessary to consider that question without reference to the permission to proceed before the district court judge, (which, if that view be correct, should not have been embodied in the original order), and apart from the special facts upon which the particular proceedings before the city judge were sought to be restrained. I have already expressed my concurrence in the opinion upon that head which judge BRADY must have entertained when the permission referred to was engrafted upon the original order; and my reasons therefor, so far as they are based upon the plaintiff's want of interest in or privity with the proceedings, have been sufficiently expressed. It may be added that the only cases where, in view of the stringent · provisions of the statute, (2 *R. S. Edmonds' ed'n.*, *p.* 533, § 47), these proceedings should be enjoined, are cases of

fraud, surprise or undue advantage, (*Smith* agt. *Moffat*, 1 *Barb.*, 65; *Wordsworth* agt. *Lyon*, 5 *How.*, *Pr. R.*, 463; *Hyatt* agt. *Burr*, 8 *How. Pr. R.*, 168 ; *Duigan* agt. *Hogan*, 1 *Bosw.*, 465, *where the subject was exhaustively considered*; *Bokee* agt. *Hamersley*, 16 *How. Pr. R.*, 461 ; *Marks* agt. *Wilson*, 11 *Abb. R.*, 87 ; *Seaback* agt. *McDonald*, *id.*, 95 ; *Aaron* agt. *Baum*, 4 *Abb. N. S.*, 65) ; not these acts generally or collaterally, but fraud under cover of these proceedings, or surprise or undue advantage in their conduct; such, for instance, as the service of the summons so short a time before the hour fixed for its return as to render it physically impossible for the tenant to reach the court-room before the hearing. (*Griffin* agt. *Brown*, 28 *How. Pr. R.*, 4 ; *Cure* agt. *Crawford*, 5 *How. Pr. R.*, 293, which was correctly decided upon its particular facts, although the reasoning, like that of *Capet* agt. *Parker*, 1 *Code R. N. S.*, 90, has long since been overruled; *Forrester* agt. *Wilson*, 1 *Duer*, 624, the facts of which case are more fully detailed in *Duigan* agt. *Hogan*, above cited.) Here there is neither fraud nor surprise, nor undue advantage in the proceedings themselves. The tenants have had full notice, have interposed their defense, and adjourned the proceedings for a regular and orderly trial. The fraud complained of, consists in the falsity of the affidavit upon which the proceedings are based ; but that is the very matter at issue and to be there tried. With the object and intent of the defendants in seeking that trial we have nothing to do. The respondent raises the additional point that the city judge has no jurisdiction in summary proceedings.

That question is not to be tested by injunction, but by prohibition, if before judgment, or thereafter by action, if damage has been sustained. I have no doubt, however, that the jurisdiction exists. The decision of the court of appeals in *Nash* agt. *The People*, 33 *How. Pr. R.* 384, does not affect the question, as it was merely held that the recorder, for the reasons there given, had no authority to issue

the writ of *habeas corpus*, while that officer is expressly named in the statute with respect to summary proceedings. The city judge, then, being vested by law with the judicial powers and functions of the recorder, jurisdiction being expressly conferred upon the latter officer by the statute, and the character of the proceedings being unquestionably judicial, the point is fully disposed of. The order should be reversed and the injunction dissolved.