DOUGLAS et al. v. CHESEBROUGH BLDG. CO. et al.

(Supreme Court, Appellate Division, First Department.   December 31, 1900.)

LANDLORD AND TENANT—BREACH OF COVENANT BY LANDLORD—RESTRAINING SUIT FOR RENT.

    Where the landlord sues for rent, the tenant cannot maintain a separate suit to compel the landlord to specifically perform a covenant in the lease, and during the pendency of the action enjoin him from collecting any rent, since, if the landlord has failed to perform his agreement, the tenant, when called on to pay the rent, may set up a breach of the lease as a defense, and set off his damages.

Appeal from special term, New York county.

Action by William H. Douglas and another against the Chesebrough Building Company and another for specific performance of a lease, and to enjoin the defendants from proceeding in a suit for the collection of rent.   From an order denying their motion to continue an injunction pendente lite, plaintiffs appeal.   Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Edmund L. Mooney, for appellants.

William C. Cammann, for respondents.

McLAUGHLIN, J.   On the 13th of April, 1900, the defendant Robert A. Chesebrough leased to the plaintiffs, for a term of one year from May 1, 1900, certain rooms in a building in the city of New York, at an annual rental of $4,200, payable monthly.   One of the covenants of the lease was to the effect that the lessor would build "a passageway between the north and south corner offices, over the court, which will be lighted and heated," and would also put "basins in offices having sewer and vent connections, if required by tenant." The plaintiffs went into possession of the rooms, and paid the rent for the months of May and June.   Thereafter they refused to pay the rent, on the ground that the lessor had not complied with the covenant in the lease by constructing the passageway referred to, between the north and south corner offices.   Proceedings were thereupon instituted in the municipal court by the defendant the Chesebrough Building Company (which, after the making of the lease, purchased the property and took an assignment of the lease) to remove the plaintiffs for nonpayment of rent.   In that proceeding the plaintiffs filed an answer admitting the making of the lease, the occupation of the rooms, and the nonpayment of the rent, and alleged as a defense the failure of the landlord to build the passageway referred to, for which damages had been sustained to the extent of $1,200.   When the trial was about to be had the plaintiffs commenced this action against the defendants for a specific performance of the agreement to build the passageway, and asking, pending the deter-

mination of that question, that the defendants be enjoined from proceeding in the municipal court. An injunction was granted, pending an order to show cause why the same should not be continued during the pendency of this action, but which, on the return of the order, was vacated, and the plaintiffs have appealed.

We are of the opinion that the order was properly vacated. The plaintiffs rented the rooms, and agreed to pay a stipulated rent. They entered into, and have since continued in, possession of such rooms, and refuse to pay the rent, seeking to justify their refusal on the ground that there has been a breach of the covenants in the lease. A breach of a covenant on the part of a lessor is not a legal excuse for the nonpayment of rent. If a landlord fails to keep his part of the agreement, then a tenant can recover such damages as he may show he is entitled to, and when called upon to pay the rent may, as a defense, set up a breach of the lease, and offset the damages which he has sustained against the rent due. But this does not give him the right to maintain an action in equity to compel the landlord to specifically perform, and during the pendency of the action enjoin him from collecting any rent. This would be inequitable, inasmuch as it would permit the tenant to use the leased premises without paying for them. Duigan v. Hogan, 1 Bosw. 645; Valloton v. Seignett, 2 Abb. Prac. 121; People v. Kelsey, 14 Abb. Prac. 372. A tenant, when called upon to pay rent, must do one of two things,—he must either pay the rent due, or else restore possession of the premises to the landlord. He cannot keep both the rent and the possession.

The order appealed from must be affirmed, with $10 costs and disbursements. All concur.